———~~O~~———

### *Andrew Hawley* vs. *John Farrar.*

H purchased a quantity of tin in boxes for one F at his request, and delivered it to him in the same condition unopened : afterwards, on opening the boxes, it was found that the tin was materially damaged—of which circumstance H had reasonable notice, and thereupon promised F to make him an equitable allowance therefor :—held, that said promise was void *for want of consideration.*

To make one liable on a promise founded on a *moral obligation,* it must appear that the obligation is strictly and undoubtedly of such a character.

THIS was an action on note, dated March 2, 1819, for $114,49, on which several payments had been made and endorsed on the note. It was tried in the County Court, April Term, 1827, on the *general issue.* On trial, defendant proved that the note was given for a quantity of tin, in boxes unopened—that the price of the tin was $15, per box, which, with the duties and transportation, amounted to $17,50 per box—that on opening the boxes, and attempting to work the tin, it was found to be greatly damaged, insomuch that, in the opinion of the witness, it was not worth $5 per box—that defendant informed plaintiff soon after the delivery of the tin, that it was thus damaged, and plaintiff promised to make him a reasonable and equitable allowance therefor. The plaintiff proved that the tin was purchased by him for defendant, at his "express request" ; that plaintiff was a merchant ; that it was delivered to defendant in bulk, without being opened, or seen by *Hawley,* before delivery to *Farrar* ; that the latter did

not request the boxes to be opened, nor, (in the hearing of witness) make any claim upon the plaintiff, on the ground of the tin being damaged, nor affirm that it was so ; that when the writ was served upon defendant, he proposed to pay the note if *Hawley* would take a horse, affirming, at the same time, that the tin was injured, which plaintiff denied. The court on this evidence, charged the jury, " that if they believed the testimony given on the part of the plaintiff, they would find for the plaintiff the balance of the note, deducting the payments made thereon." Upon which, the Jury returned a verdict for the plaintiff to recover of the defendant the balance due on said note ; to which charge of the court the defendant excepted. And the cause came before this court on a motion for a new trial, founded on said exceptions.

*Franklin,* Jan. 1828.

*Hawley* vs. *Farrar.*

*The defendant's counsel contended,* That the plaintiff, by selling property to the defendant for a sound price, and at the full value thereof, was under a moral obligation to make a deduction or allowance to the defendant, if the property turned out to be of a less value, in consequence of its having been damaged.—That this moral obligation was a good and sufficient consideration to support the promise relied on by the defendant.—1 *Sw. Dig.* 204. 2 *East.* 505.—That it was no objection to the defendant's claim, that there was no warranty or fraud on the part of the vendor, in as much as the rules of the common law have been waived by the plaintiff's subsequent promise.

*The plaintiff's counsel contended,* That the charge of the court was right : 1. Because proof that the tin was damaged at the time it was delivered by plaintiff to defendant, constitutes no defence to the action, unless the defendant prove a warranty or fraud. The vendor of personal property who is not guilty of fraud in selling, and does not expressly warrant its soundness, is not liable for any latent defects or unsoundness therein.—1 *Chip. R.* 394, *Penniman* vs. *Pierson.*—1 *Aik. Rep.* 269, *Barrett & Co.* vs. *Hall & Co.*

2. It appears from the case that the plaintiff purchased the tin at the express request of the defendant, and for his use, and it does not appear that the plaintiff had any interest therein, or received any thing therefor, but acted merely as the agent of the defend-

Franklin, Jan. 1828.
*Hawley* vs. *Farrar.*.

ant; and if he acted in good faith, he can- not be made accountable for any defect or damage of the tin, without proof of negligence, or breach of duty in his agency.—*Paley on Agency,* 15, 16, and cases there cited.

3. The promise of the plaintiff to defendant (if any) to make a reasonable allowance for the damage of the tin, was wholly gratuitous, not founded upon any good and sufficient consideration, and therefore, void.—9 *Mass. R.* 254.—11 *Mass. R.* 113.—1 *Sw. Dig.* 208, 205.—2 *Saund.* 136.

PRENTISS, J. delivered the opinion of the court.    It is very manifest that there was no fraud in the sale of the tin, which formed the consideration of the note upon which this action was brought : and it is not pretended, that there was any warranty express or implied.    It is very clear, therefore, that the plaintiff was under no obligation to remunerate the defendant for any defects in the tin : and the promise afterwards by the plaintiff, to make an allowance by way of compensation on that account, was plainly without any consideration to support it, and could give the defendant no legal claim to a deduction from the price stipulated in the note to be paid.    In *Smith* vs. *Ware,* 13 *Johns. R.* 257, where land was sold and conveyed, as *supposed* to contain a certain quantity, but without any warranty, and a deficiency was afterwards discovered, it was held, that there was no obligation on the vendor to compensate the vendee for the deficiency, and that a promise to pay for the same was without consideration and would not support an action.

We are aware, that a moral obligation to pay a debt, or perform a duty, is a sufficient consideration for an express promise, although no legal liability existed at the time of making the promise, or, indeed, ever existed ; but in such case, there must be a strict and undoubted moral obligation.    Indeed, it seems that a promise to do that which the law did not render compulsory, will not give a right of action, except where there was an original consideration beneficial to the party promising, and which might have been enforced, through the medium of an implied promise, had it not been for some statute provision, or some positive rule of law, which exempted the party from legal liability, in the particular in-

stance.—*Chit. on Con.* 13—*Note to Wennal'* { Franklin, Jan. 1828.
vs. *Adney,* 3 *Bos. and Pul.* 252.—The } Hawley vs. Farrar.
present case, certainly, does not come within the rule thus laid
down.   Indeed, the jury, under the instruction given them, mus
have found that the plaintiff purchased the tin for the defendant
at his special request, and delivered it to him, in the same condi-
tion in which the plaintiff had purchased it, in boxes unopened.
Under these circumstances, there can be no pretence that there
was any prior moral, or equitable obligation on the plaintiff to
make the defendant a compensation; and as the promise relied
upon had clearly no consideration to support it, it could not entitle
the defendant to a deduction from the note.   The instruction giv-
en to the jury, therefore, was right, and the judgment of the court
below must be affirmed.   Judgment affirmed.

*Read* and *Beardsley,* for the plaintiff.

*Richardson,* for the defendant.