## ORLEANS COUNTY,

### March Term, 1836.

———————

Present, Hon. STEPHEN ROYCE,
" JACOB COLLAMER, } *Assistant Justices.*
" ISAAC F. REDFIELD,

===================================

### John Harding *vs.* James Cragie.

Orleans,
March,
1836.

To prove that a subscribing witness to a note. signed by several signers was in fact only the witness to the first signature, it is not necessary first to call that witness.

Where one count is bad, and the verdict is general, judgment will be arrested.

A declaration in assumpsit, which alleges no legal consideration for the promise, is bad; and a past and executed consideration which is not alleged to have been at the defendant's request, and in no way appears to have been for his advantage, is no legal consideration.

This is a defect not cured by verdict.

This was an action of assumpsit, in three counts,—the first of which was as follows:

"To answer to John Harding, in a plea of the case, for that heretofore, to wit, on the 27th day of June, 1833, in consideration that the plaintiff had before that time, on the 4th day of May, 1833, made, executed and delivered to one Luther B. Hunt, jointly and severally with one Silas Lamb and Philander Reed, a certain promissory note, dated the day and year last aforesaid, for the sum of one hundred dollars, payable to the said Hunt or order, on demand with interest,—he the said James Cragie, by his written memorandum or indemnity, on the said 27th day of June, 1833, undertook and faithfully promised the plaintiff, jointly and severally with Silas Lamb and Philander Reed, that he would indemnify and save harmless the said plaintiff from all damage, costs and expense, which might accrue to the plaintiff in consequence of the signing of said note to said Hunt, and that the said Cragie would pay, or cause to be paid, the said note to the said Hunt without cost, trouble or ex-

ORLEANS,
March,
1836

Harding
vs.
Cragie

pense to the plaintiff. And the plaintiff avers that he has been damnified and suffered injury to a large amount, to wit, the sum of one hundred and fifty dollars in that behalf; and the said Cragie, his said promise and undertaking not regarding, hath not paid nor indemnified and saved harmless the plaintiff."

The second count was for money lent, and the third for money paid out. Plea, *Non-Assumpsit.*

On the trial in the county court, the plaintiff produced the written contract of indemnity, mentioned in the declaration, purporting to be signed by said Lamb and Reed and the defendant, and the name of Addison Spaulding as witness. The defendant denied the signature of said paper, when the plaintiff offered to prove by said Lamb that said Spaulding was only witness to the first signature on said writing, to wit, the signature of Lamb, but was not witness to the signature of the defendant. To this, the defendant objected, on account of the interest of Lamb, and also because the subscribing witness should be called. The objection was overruled.

The plaintiff offered evidence tending to show, that the plaintiff signed the note to Hunt, upon the promise then made by the defendant, that he would give the plaintiff an indemnity. This was objected to by the defendant, but the objection was overruled, and the evidence admitted. The jury returned a verdict for the plaintiff,—whereupon, the defendant filed his motion in arrest of judgment for the insufficiency of the first count of the declaration, which motion was overruled and judgment rendered for the plaintiff.

The defendant filed exceptions, which were allowed, and the cause passed to this court.

*Starkweather for the defendant.*—1. It is contended that the county court erred in admitting Lamb to prove the execution of the paper offered by plaintiff—First, Because there was a subscribing witness within the reach of process, who should first have been called. For it appears from the instrument produced, that Spaulding, the attesting witness, witnessed the instrument generally, and not for any particular signer. For it is a rule without any known exception, that the subscribing witness must be first called, or his absence accounted for by showing that diligent inquiry has been made for him, and no trace of him can be found: that he is dead, or presumed to be so, when he became party to the suit—was interested in the instrument at the time of its execution, and so continues to be: that he has become blind: that he has been convicted of an

infamous crime, or that he resides beyond the seas, without the jurisdiction of the court, and is not amenable to its process.—2 East. 187–8, *Cunliffe* vs. *S‹xton.*—4 East. 54–5, *Call* vs. *Dunning.*—7 T. R. 266-7, *Barrows* vs. *Trompowskey.*—2 East. 250, *P‹arce* vs. *Blackburn.*

ORLEANS,
March,
1836.

Hai ding
vs.
Ciagie.

And it has been decided in Vermont, that the subscribing witness must be called, though he live out of the state.

But possibly this last decision is adhering a little too strictly to accord with the late decisions upon this point. But certainly there 'is no necessity nor reason for not applying the rule as laid down in the above authorities to the present case, and a different determination would be manifestly in derogation of an approved maxim of law, "that the best evidence which the nature of the case will admit, shall be adduced."—*Cunliffe* vs *Sexton*, 2 East. 186–7.— *Call* vs. *Dunning*, 4 East. 54–5.—1 Star. Ev. 102, 389.—*Commonwealth* vs. *Kinison*, 4 Mass. R. 646-7.—3 East. 200–1

Secondly: Where there is a subscribing witness, the parties thereby agree that he shall be the witness.—*Bows* vs. *Trombouskey*, 7 D. & E. 27—1 Star. Ev. 102, 389. And when other evidence is resorted to in the first instance, it very justly excites a suspicion of fraud, and manifestly opens a door for the practice of it.

Thirdly : If Lamb could be permitted to testify that Spaulding did *not* witness the execution of the instrument by defendant, he might swear that he did not witness the execution of any of the signers, and thereby obviate the necessity of his being called in any event; and so of any other instrument, whether executed by one or more, which would be saying, in effect, that if any person could be found who would testify that the witness whose name was attached to the instrument as the subscribing witness was not in fact the subscribing witness, this would supersede the necessity of calling him. Such surely would be a very novel as well as dangerous course. For in a thousand instances a witness might testify mistakenly on this point. There are undoubtedly many instances where the subscribing witness himself would have to refresh his recollection by a view of the instrument, before he could say positively that he *did* witness it. These considerations are deemed fully sufficient without insisting that the evidence relied on was in its nature negative and unsatisfactory.

2. Lamb testified that he had an interest in the suit, and this appears manifestly from the instrument itself. This at least must materially affect his credit as a witnes, and thereby render his testimony of far less weight than that of an indifferent person ; and

ORLEANS,
*March,*
1836.
Harding
*vs.*
Cragie.

hence, by so much the more incompetent to testify as to the fact of Spaulding's witnessing the writing produced. If, under any circumstances, Lamb's testimony could be used to prove the execution of the instrument, clearly his testimony was not the proper evidence to pave the way to it.

3. It is contended that the county court erred in permitting the party to travel out of his declaration, and show that plaintiff signed the note to Hunt in consideration of defendant's agreeing to sign an indemnity to plaintiff. For the declaration is a specification in a methodical and legal form of the circumstances which constitute the plaintiff's cause of action.—1 Chit. Pl. 248.—Co. Lit. 17 a. 303.—Bac. Abr. Pleas B.—Com. Dig. Pleader, 67.

And the declaration must allege all the facts and circumstances necessary to the support of the action.—1 Chit. Pl. 255, 303–4. —*Peppin* vs. *Solomons,* 5 T. R. 498.—*Penny* vs. *Proctor,* 2 East. 4.—*Rex* vs. *Neild et al.* 6 East. 422–3.—*Rex* vs. *Holland* 623.—*Rex* vs. *Home,* Cowp. 682.

And these allegations must be proved as laid.—1 Star. Ev. 387. —3 Star. Ev. 1526.—1 Chit. Pl. 295.—*Mitchinson* vs. *Hewson,* 7 Term 344.—*Miles* vs. *Shower,* 8 East. 9.—*Leeds* vs. *Burrow,* 12 East. 1–3.—*Churchill* vs. *Wilkins,* 1 T. R. 449.—*Cunningham* vs. *Kinsland,* 7 Mass. R. 68.—*Baylies* vs. ————, 7 Mass. R. 336.

The reason of this requirement is very obvious. So that defendant may be notified of the ground on which plaintiff urges claim, and be enabled to plead a direct and unequivocal plea, that the jury may know definitely what is submitted to their consideration, and the court, by looking into the record, may clearly comprehend the nature of the action, and be thereby enabled to render such judgment as the case demands. These reasons are too obvious and too frequently insisted on in the authorities to justify further comment before this court. This pretended request or promise of signing an indemnity, was indispensably necessary to legalize this contract. That named in the declaration was entirely passed, and hence utterly incompetent to the supporting of a legal contract.— *Barlow* vs. *Smith et al.* 4 Vt. R. 144.—*Bloss* vs. *Kittridge,* 5 Vt. R. 32.—1 Comyn on Con. 19–20.

And for the variance between the declaration and proof, if plaintiff were, on any consideration, permitted to travel out of the declaration, which we have seen is inadmissible, he should be non-suited.—1 Chit. Pl. 303–4.—*Penny* vs. *Porter,* 2 East. 4.—*Thompson* vs. *Jameson,* 1 Pet. Con. 311.—*Clark* vs. *Todd,* 1 D. Chip. 203.

ORLEANS,
March,
1836.
Harding
vs.
Cragio.

Should the court get over the foregoing objections, it is lastly contended, that judgment must be arrested for the insufficiency of the first count in the declaration. The verdict is general on all the counts,—the evidence had no tendency to support any but the first count. The consideration set forth in said first count, is a part consideration, which will not support a contract.—4 Vt. R. 144, *Barlow* vs. *Smith.*—*Bloss* vs. *Kittridge*, 5 Vt. R. 32.—1 Comyn on Con. 19–20.

The verdict being general, and the first or any count bad, judgment must be arrested.—*Bloss* vs. *Kittridge*, 5 Vt. R. 32.— *Benson* vs. *Swift*, 2 Mass. R. 53.—*Stevenson* vs. *Hayden*, 2 Mass. R. 408–9.—*Kingsley* vs. *Bill et al.* 9 Mass. R. 200.———— *and wife* vs. *Hurd*, 11 Mass. R. 60.

*Sumner, Cooper & Smalley for the plaintiff.*—This motion in arrest is founded solely on the ground that the consideration set forth in the plaintiff's declaration is a past consideration. This is not a sufficient cause for an arrest of judgment for a ʳpast consideration may be a good cause for an express promise.—1 Swift, 203.— 1 Dane, 119.

All the authorities agree that if this past consideration is for the benefit of the promisor, it is good cause for an express promise, even if it is not alleged to be done at the request of the promisor. If for the benefit of a stranger, or a third person, it is a sufficient consideration for an express promise, if the act constituting the consideration is done at the request of the promisor.—1 Swift, 203, 204.—1 Dane, 119–20–23.—1 Saund. 264, note 1.

If it is shown either that the defendant had been benefitted by this act of the plaintiff constituting this past consideration, or, secondly, that it was done at the request of the defendant, the plaintiff is entitled to recover.

Adopting these principles, to their full extent, we contend that the declaration is sufficient even on a demurrer.

In the first case mentioned, that is, of a benefit derived by the defendant from this act constituting the past consideration, we contend that it is not necessary that this benefit should have been stated in the declaration and spread upon the record.

Our system of pleadings is now sufficiently prolix, and if the benefit derived by the defendant from the act constituting the consideration must be inverted in the declaration, it would become too voluminous and unwieldy to be either used or understood. If it is proved on the trial, it is sufficient: it is all that the law or sound

ORLEANS,
*March,*
1836.

Harding
*vs.*
Cragie·

policy would have required in guarding the rights of the defendant.

After verdict, it must be presumed that all this has been proved; and if we refer to the evidence introduced on the trial, it was shown that the defendant was benefitted by the money received of Mr. Hunt for the payment of which the plaintiff became holden.

· In the second case mentioned, where a past or executed consideration is a good reason for an express promise; that is, where the act constituting the consideration is done for a third person, at the instance and request of the defendant, we contend that such a request must be shown on the trial, and need not be alleged in the declaration.—(Chitty, 296.)    But either alternative, before supposed, may, and ought to be presumed after a verdict.

But we consider the question as to the sufficiency of the declaration rests now on a motion in arrest of judgment on entirely different grounds from what it would on a demurrer.

In this case, we find an express promise on the part of the defendant to the plaintiff to indemnify him from all loss in consequence of signing this note to Mr. Hunt.   Here is also a consideration : the plaintiff has been injured—compelled to pay the note and costs.

It also appeared that part of the money was retained by the plaintiff, and not paid over until this security was obtained from the defendant.    And further, that the defendant, Cragie, promised to indemnify the plaintiff before he signed the note to Mr. Hunt.— What then is wanting ?  The promise is express,—the consideration is certainly sufficient, if loss and injury to the plaintiff is to be any criterion to determine the sufficiency of a consideration.

But the plains that the consideration " as set forth in the declaration is a past consideration, and wholly insufficient in law."  But is a past consideration always insufficient?  What is a moral obligation, for instance ?  a debt barred by the statute of limitations, or a debt contracted by an infant ?  Is not this a past consideration, and a good one too, for an express promise ?  For all that appears by the motion in arrest, the declaration is sufficient.   If there are any latent objections in the declaration, they should be taken advantage of by demurrer.   If the declaration had alleged that this act constituting the consideration for the defendant's promise had been done by the plaintiff at the defendant's request, or had set forth that the defendant had been benefitted by the act, it would have been sufficient; and we contend that such niceties must be taken advantage of by demurrer, that a verdict could not have been obtained unless a sufficient consideration had been made out, and by

ORLEANS,
March,
1836.

Harding
vs.
Cragie.

reference to the exceptions it appears that such a request on the part of the defendant was proved.

Reason and law dictate that when a party is put to the cost and trouble of prosecuting his cause to a verdict, that many questions shall be considered as settled, which might have been entitled to ·consideration at the commencement of the suit. If the defendant wishes to exercise his ingenuity in criticising the plaintiff's declaration, he must do it on a demurrer. All questions of form must be taken advantage of by demurrer, and not brought up on a motion in arrest. And not only questions of form, but many questions of substance are considered as settled after verdict.

In the case of *Hitchins vs. Stevens,* reported in 2 Shown, p. 233, Tho. Raymond, p. 287, abridged, in 11 Petersdorff, p. 494, at the top, " It was agreed by the court that in any case where any thing is omitted in a declaration,though it be matter of substance, if it be such as without proving it at trial, the plaintiff could not have a verdict, and there be a verdict for the plaintiff that such omission shall not arrest the judgment.—See also *Rushton* vs. *Aspinal,* 2 Doug. p. 683, and 11 Petersd. p. 495, at top—*Spiers vs. Parker,* 1 T. R. and 11 Petersd. 495, at top,

But we presume that the court, on a review of the whole case, will consider this as something more than an ordinary case of a promise.

An instrument drawn with all the formality of a bond, is given the plaintiff by the defendant, for his security. Nothing is wanting but a seal to constitute this obligation of such a nature as to preclude all inquiry into the consideration. It is the object of the law to enforce the performance of obligations as they were intended and understood by the parties.

What then was the intent and understanding of the parties? Can there be any doubt that it was the intent and meaning of this writing that the plaintiff was to be at all events saved harmles from all loss in consequence of signing as security the note to Mr. Hunt? By what subtlety is the security to be defeated? Is there such magic in a wafer, that by the omision of it, the intentions of the parties, so clearly expressed, are to be prostrated?

Finally, we trust the court will, by their decision, adopt the opinion of Justice Grose, (8 T. R. p. 131,) " that as this is a motion in arrest of judgment, and therefore every presumption is to be made in favor of the verdict,—at least, nothing is to be presumed against it.

ORLEANS,
March,
1836.

Harding
vs.
Cragie.

The opinion of the court was delivered by

COLLAMER, J.—The first question in this case arises on the admission of the testimony of Lamb. It seems no dispute existed in relation to the signature of Lamb, nor any that Lamb and Reed were the persons for whose benefit the note was given to Hunt. It therefore appears, that Lamb was equally bound to indemnify both the plaintiff and defendant, and his interest seems, therefore, to have been balanced. As to the subject matter of his testimony, it was to dispense with calling the subscribing witness. It is undoubtedly true, that when the fact proposed to be shown, is a fact to which the subscribing witness was called to attest at the time, such as the signature or delivery of the paper, in such case the subscribing witness was must be first called. In this case it seems there were three signers, and but one subscribing witness. To prove that signatures were added to this paper subsequent to that of the subscribing witness, is not contradicting the above rule, nor is it inconsistent with the face of the paper, but mere matter of explanation.

The next question relates to the admission of the evidence that the plaintiff signed the note to Hunt at the defendant's request, (for such was its legal effect,) when the declaration contained no such averment. On the correctness of this, it is unnecessary to pass. The plaintiff had proved the first count in his declaration without this evidence, and was therefore entitled to a verdict, which was all he obtained. The evidence did not cure a defective declaration, and therefore, it produced no injury to the plaintiff of which he can complain.

When there are several counts and a general verdict is returned, if one of the counts is substantially defective, judgment must be arrested, for the court cannot say, but the jury may have assessed damages on that count. A motion in arrest for the insufficiency of the declaration is to be tried by inspection of the declaration only; no resort can be had to a history of what was shown on trial, to supply any defect in the pleadings. The first count alleges the contract in substance thus ; that in consideration the plaintiff had signed a note for certain third persons, the defendant promised to indemnify him. The only consideration here alleged is past and executed, and in such case, it is always necessary both to allege and *therefore*, prove that this was at the request of the defendant, or it must appear, by the declaration, that the defendant derived benefit from the consideration ; neither of which are in this count. —1 Saund. R. 164, note.

<div style="float:right">
ORLEANS,<br>
*March,*<br>
1836.<br>
―――――<br>
Harding<br>
*vs.*<br>
Cragie.
</div>

The final inquiry is, was this defect cured by verdict? The most ancient rule on this subject, while suits related almost entirely to real estate, was this: A title defectively set out, in pleading, is cured by verdict; but a defective title, that is, a title which upon the pleading was clearly bad, was not cured. This rule is of but little use in application to personal actions. The next rule, by which the courts seemed for a time governed, was this: After verdict, every thing is presumed to have been proved which a court would have required to be shown to entitle the plaintiff to recover.— *Crowther* vs. *Oldfield,* 2 Ld. Ray. 1225.—*Rushton* vs. *Aspinwall,* 2 Doug. 684.

This rule, taken unqualified, would cure every possible defect. But taken in a more limited sense, what will a court require to be proved, and what will they, after verdict, presume to have been proved? The obvious answer would be precisely what is alleged and in issue, and no more.

In *Spiers* vs. *Parker,* (1 T. R. 145,) it was holden that nothing will be presumed to have been proved but what is alleged or necessarily implied from what is alleged. As when feofment is alleged, livery is implied; or where a trespass or any other act is alleged, a time is implied. This rule has been recognized in this court.— *Vadakin* vs. *Soper,* 1 Aik. R. 289.

This count shows a mere *nudum pactum.* This does not imply that a legal consideration was shown. There is nothing implying that the plaintiff was ever requested by the defendant to sign the note, or that it was for his benefit.

<div style="text-align:center">Judgment reversed.</div>