EBENEZER RIX *v*, DAVID ADAMS & GEORGE THROOP.          Windsor, February, 1837.

If one procure another to become his surety, and subsequently procure a third person to sign a promise of indemnity to the first surety, there being no new consideration, and this not being done in consideration of any contract, made at the time of the original contract, the contract of indemnity is void, for want of consideration.

Forbearance to sue for an indefinite time, or a promise to remain, as surety for another, for an indefinite time, is no sufficient consideration for a promise to pay the debt, in the one case, or to indemnify the surety in the other.

This case came before this court on exceptions to the decision of the county court, against the sufficiency of the first count in plaintiff's declaration, on demurrer and joinder. That count was as follows:

"For that, at said Royalton, on the thirtieth day of March, "in the year of our Lord, one thousand eight hundred and "thirty two, the said David Adams was making a contract with "Solomon Downer, of Sharon, in said county, and becoming "indebted to said Downer, and was about to give him a note, "with surety, for the sum of one hundred and five dollars, paya- "ble by the tenth day of July, then next, with interest; and "the plaintiff, at the request of said Adams, consented to give "said note, with and for the said Adams, and did then and there, "together with the said Adams, sign and deliver to the said "Downer, the note of said Adams and the plaintiff, for the sum "of one hundred and five dollars, payable to said Downer or "order, by the tenth day of July, then next, with interest; and "bearing date on the same thirtieth day of March, in said year, "one thousand eight hundred and thirty two; which said note "was given solely for the debt of the said Adams, and the plain- "tiff had no interest in the same, except as becoming surety for "the said Adams, as aforesaid. And afterwards, at said Bethel, "on the tenth day of April, in the year of our Lord one thou- "sand eight hundred and thirty-four, the said Adams had not "paid said note, and the plaintiff was in fear that the said Ad- "ams was becoming less responsible in point of property, and "was unwilling to remain as surety and have said note remain "longer unpaid, without some better security to himself than "was that of said Adams, which was well known to the said "Adams, to wit, at said Bethel, on the day and year last afore- "said; in consideration of which premises, and to keep the "plaintiff easy and contented, without the immediate payment

Windsor,
February,
1837.

Rix
v.
Adams and
Throop.

"and discharge of said note, and to render the plaintiff secure "against any further trouble or cost, in consequence of his hav- "ing signed said note with and for the said Adams, as aforesaid, "and in consequence of the same note remaining unpaid for "some indefinite period longer, the said Adams, for himself, and "the said Throop, at the request of the said Adams, by their "writing, bearing date on the same tenth day of April, in said "year, one thousand eight hundred and thirty-four, promised the "plaintiff, that they, the said defendants, would save the plain- "tiff harmless from all cost and damages, which might accrue to "to him in consequence of his, the plaintiff's, having signed said "note to said Downer, as aforesaid; yet the said defendants "have not saved the plaintiff harmless from all cost and dama- "ges accruing to him in consequence of his having signed said "note, as aforesaid; but, they have wholly neglected to pay "said note, and the plaintiff has been compelled to pay, and "has paid, the same, and interest thereon, amounting in the "whole to a large sum, to wit, to the sum of one hundred and "fifty dollars, to wit, at Bethel, aforesaid, on the first day of "July, in the present year of our Lord, one thousand eight "hundred and thirty-five; of which said defendants then and "there had due notice, and were requested to pay the same to "the plaintiff."

*T. Huchinson, for plaintiff.*

It is expressly averred that the plaintiff's liability to Downer was created for the sole benefit of Adams, and at his request, and that the plaintiff had no other interest in the concern than as surety for Adams. That a thing done at the request of A., though all be in the past tense, forms a good consideration for a promise made by A., see the cases cited in the case of *Bloss v. Kitteridge*, 5 Vt. Rep. 28. Also the case itself. Also see 2 Starkie's Ev. 92, 93.

If Adams was holden, by the original transaction, to save the plaintiff harmless from the note given to Downer, no new con- sideration was necessary to support a new promise from Adams to save the plaintiff harmless from said note. His existing lia- bility was a sufficient consideration for a new promise. Even if the statute of limitations had run upon the original liability, still, a new promise to pay needs no new consideration. None is ever alleged or proved in any of the numerous cases, in which a new promise has been adjudged to take the contract out of the statute.

Windsor,
February,
1837.

Rix
v.
Adams and
Throop.

There surely, then, could be no doubt of a sufficient consideration, if this suit were against Adams alone.

How does it stand against Adams and Throop? Under all the circumstances, named in the declaration, of Adams' liability to the plaintiff to save him, the plaintiff, harmless from the note given to Downer, and the plaintiff's unwillingness to remain any longer without further security, the said Adams, for himself, and the said Throop, at the request of said Adams, by their uniting &c. having promised, forms a good consideration as to both. The request of Adams to Throop formed a good consideration as between Adams and Throop, and when any man requests and procures a collateral signer for his own responsibility, no consideration need to pass, nor does any ever pass from the promisee to the person thus signing as collateral security. Otherwise there would be an end of principal and surety. All would, of course, be principals, if a consideration had to pass from the promisee to each promisor, or to both promisors.

Upon this point we are not destitute of support from authority. In *Bailey & Bogert* v. *Freeman*, 11 Johns. Rep. 221, the case was, the plaintiffs had an execution against N. Blanche, who wanted time of payment, and wrote and signed an agreement to pay the plaintiffs the amount of their execution in a certain way, and by a given time, and went with the clerk of the plaintiff's attorney to the defendant, who signed a writing as follows: "I do hereby guaranty the performance of the above agreement, and every part thereof, on the part of said Blanche, if he be alive at the time of performance." The defendant was adjudged liable; and the court say, "this guaranty was an original collateral agreement." Again, "the credit was originally given to the defendant, as surety, and it was therefore unnecessary to show a separate consideration for the promise of the defendant." And the court cited *Leonard* v. *Vredenburgh*, 8 Johns. Rep. 29, and *Hunt* v. *Adams*, 5 Mass. Rep. 358. In the first of which Kent, Ch. J. says: "the case before us is a guaranty or promise, collateral to the principal contract, but made at the same time, and becomes an essential ground of the credit given to the principal or direct debtor. Here, as we have already seen, is not, nor need be, any other consideration, than that moving between the creditor and orginal debtor." The case in 5 Mass. Rep. is equally in point. In all these the courts attach importance to the unity of time, as to the execution

Windsor,
February,
1837.

Rix
v.
Adams and
Throop.

of the separate guaranty, and the principal contract ; for if the guaranty were afterwards, the statute of frauds might interfere. But in this case the signings are set up as joint and simultaneous, and must, of course, on demurrer, be considered as simultaneous.

It is only necessary to notice what are termed *the premises*, where the declaration says, *in consideration of the premises*, and to keep the plaintiff easy and contented without the immediate payment and discharge of said note, and to render the plaintiff secure against any further trouble or cost, in consequence of his having signed said note.

No language could make it more certain, than the averments in this declaration make it, that the whole business was done for the benefit of Adams, and that Throop signed at the request of Adams, and that the plaintiff had no interest or concern in the matter, except as bail for Adams to Downer, and receiving this promise of indemnity from Adams and Throop ; and that Adams was under not only a moral, but a legal obligation, to save the plaintiff harmless from the note to Downer ; and that Throop, at the request of Adams, joined with Adams in an express written promise, to save the plaintiff harmless from his said liability to Downer ; and that they have not done so, and plaintiff has been compelled to pay, and has paid, the note to Downer.  See 2 M. & S. Rep. 345.

*Charles Marsh & Julius Converse, for defendants.*

The declaration counts on a mere naked promise in writing, containing no suggestion of a consideration, to indemnify the plaintiff for signing a note with Adams to Downer.

The declaration, however, travels ought of the writing, to hunt up and state a consideration for the promise.

The demurrer is taken simply on the ground, that no consideration for the promise appears to have been made, or existed at the time of the transaction.

In stating the transaction and a variety of facts, the declaration says, " in consideration of which premises," &c. In looking into the premises, nothing like a consideration is stated.

The premises—the things premised, or before stated—are the signing of the note to Downer, by the plaintiff, as surety for Adams, and that, sometime afterwards, the plaintff *was in fear* that Adams was becoming less responsible, and plaintiff was, therefore, unwilling to remain as surety on the note, and have

Windsor,
February,
1837.

Rix
v.
Adams and
Throop.

the note remain longer unpaid, without some better security to himself, and that this was known to Adams.

Now these are all the *premises* stated. But what is there in these premises like a consideration?

A consideration is something done or passing, at the time of making the contract, which is beneficial to the promisor, or injurious to the promisee, or some legal or moral obligation, previously resting on the promisor. Now we look in vain through the declaration, for any thing answering to this definition—certainly so, in relation to defendant Throop, and it is believed, also, in relation to both defendants.

As to Throop, there can be no pretence, and as to the plaintiff and Adams, nothing was paid to the defendant, and the plaintiff, by this naked writing, was deprived of no right—he did not agree to wait any given time, and might, as well the day after the executing of the writing, as the day before, have gone and paid up the note and sued Adams on his implied promise to indemnify, or for money laid out and expended.

The relative situation and the respective rights, duties and liabilities of the parties remained the same after, as before, the execution of the writing, and were, in no respect, changed, except, that the plaintiff laid aside *his fears* and remained easy and contented. But the plaintiff, as if not exactly satisfied with the consideration, arising out of the *premises*, proceeds to state, not any further consideration, but to assign other motives, which induced defendant to execute the writing declared on—that is, " To keep the plaintiff easy and contented without the imme- " diate payment and discharge of said note, and to render him " secure against further cost and trouble, in consequence of hav- " ing signed the note, and in consequence of having the same " note yet remaining unpaid, for an indefinite period longer."

Will it be pretended that the wish to render the plaintiff easy and contented, while the defendants did nothing to make themselves liable, amounts to a consideration? Suppose defendants had believed Adams was good, and the plaintiff was safe, and had so stated their belief, and the plaintiff had gone away *easy* and *contented*, his situation would have been the same as now, and yet, defendant would have incurred no liability. Again, suppose they intended, by this writing, to render the plaintiff secure, when the contract they entered into did not make him secure nor create any liability, would this amount to a *consideration*? The court can intend nothing more than that de-

Windsor,
February,
1837.

Rix
*v.*
Adams and
Throop.

fendants intended to incur all the liability, which the writing lays them under, and nothing more. And if plaintiff chose to remain *easy* and *contented*, and sleep on his rights, with such security only, he had a right so to do, and can not now complain, however insufficient it may prove for his indemnity.

The subject of consideration, is very ably discussed and fully settled in the case of *Forth* v. *Staunton*, 1 Saun. Rep. 210, and in the notes of that case, and the law on the subject well settled. 1st. That the common law required an adequate consideration, before the statute of frauds, and that statute has not varied the common law in that respect, but merely added the requisition, that, in certain specified cases, the promise must be reduced to writing. 2nd. That forbearance is a good consideration. But all the cases referred to show that there must be an agree ment to forbear, and an actual forbearance for a specified time. *Reynolds* v. *Proctor*, Hardress' Rep. 71. *Ran* v. *Hughs*, 7 T. Rep. 346, note.

In *Fish* v. *Richardson*, Yel. Rep. 55, 56, the plaintiff was to forbear till such a time, and did forbear accordingly. This was deemed a sufficient consideration to charge defendant, who was administrator, *de bonis propriis*. Cro. Jac. 47. *Barber* v. *Fox*, 2 Saunders' Rep. 137, (note.)

A promise to forbear an indefinite time is no promise, at all. It expires as soon as made, and is of no benefit to defendant or injury to plaintiff. In the case before the court, there is no agreement, whatever, on the part of plaintiff, to forbear any time, whatever, or to do or omit any thing, which can, in any way, affect the rights, duties or interests of either party. The only case, which has fallen under our notice, intimating that a consideration can be dispensed with, in any contract, is the case of *Pillans & Rose* v. *Van Mierop & Hopkins*, 3 Burr. Rep 1663, and that was decided on the principles of the law Merchant, and the court admit that, at common law, a promise without consideration is void.

The opinion of the court was delivered by

REDFIELD, J.—If the contract, alleged in the declaration, is founded upon any consideration, it must be the original undertaking of Adams, as principal, in the debt to Downer, or the " keeping plaintiff easy," in his relation of surety to Downer. The latter consideration is one, *in its terms*, of rather novel impression; but in fact, it is synonymous with forbearance. The

Windsor,
February,
1837.

Rix.
v.
Adams and
Throop.

contract, then, is substantially that of defendants, jointly guarantying plaintiff's immunity on his liability to Downer. There is no pretence of any consideration moving between Throop and Rix. Throop is the surety of Adams in the last contract. And the consideration between the principal debtor and the creditor is that, which makes the obligation of the surety, in any case, binding.

But what is the consideration of this new contract, as between Adams and Rix? Rix had, long before this, assumed the obligation of surety, and without any expectation of this, or any other special indemnity. Had the contract been made in pursuance of a contract entered into at the time of plaintiff's becoming surety for Adams to Downer, it would be considered a part of that contract, and upon sufficient consideration. *Knapp* v. *Parker*, 6 Vt. Rep. 642. But that is not this case. There was nothing, then, in Adams' original contract with plaintiff, which looked towards the present contract, or will support it. This does not seem to be relied upon by the plaintiff. His declaration is not formed with reference to any such consideration.

In relation to the consideration of forbearance, we can well suppose a case, where the consideration is sufficient to support a new and independent contract of indemnity, of the character now contended for. If there had been an undertaking, on the part of Downer, upon sufficient consideration, to wait a definite time on the original debt, and the plaintiff had promised to stand surety, during that term, and this contract, now in suit, had been made to induce the *forbearance*, the defendants would no doubt be liable upon their contract. But such is not the contract alleged. The undertaking of Adams, so far as his previous obligation is concerned, is like one guarantying the payment of his own debt, and is never the foundation of a new promise, unless the original liability is merged and lost in the new contract. If it is pretended Adams assumed a new and different liability from that, which before existed, then it was a mere naked promise, founded upon no sufficient consideration. It was, in either case, founded upon a past and executed consideration, and, as such, void. It is very similar to the case of *Harding* v. *Craigie*, 8 Vt. Rep. 501. Plaintiff had not become Adams' surety at Throop's request, or for his benefit. There is no benefit accruing to defendant, for this new promise, and no injury to plaintiff. He did not undertake to stand surety for Adams, for any *defi-*

Windsor,
February,
1837.

Rix
v.
Adams and
Throop.

*nite* time, and a promise to remain surety an *indefinite* time, to be determined at his own option, was as no promise, for he was already surety on those identical terms. The contract being in writing does not vary the case. It obviates the statute of frauds, but will not dispense with the necessity of a sufficient consideration. The undertaking "of one man for the debt, default, and miscarriage of another," must not only be in writing, but upon some sufficient consideration. The declaration is insufficient, and the Judgment below must be affirmed.