HARRIS *vs.* HARRIS.

10    467
100   606

APPEAL FROM CIRCUIT COURT, WAUPACCA COUNTY.

Heard July 28, 1859.]                              [Decided January 17, 1860.

*Pleadings—Judgment—Verdict.*

A declaration in assumpsit, which averred that the defendant sold goods, &c., to the
    plaintiff, is so defective in substance, that no judgment can be entered upon it.
Where a declaration contains no allegations of facts, showing a cause of action, it
    will not be cured by verdict; the presumption being, that nothing is proved
    except what is alleged or necessarily implied from the allegations.

This was an action by John Harris, Jun., against John Harris, Sen., the facts of which are sufficiently stated in the opinion of the court.

*George B. Smith*, for the appellant.

*S. Crawford*, for the respondent.

*By the Court*, DIXON, C. J.    This is an action of *assumpsit*, commenced prior to the adoption of the code, before a justice of the peace of Waupacca county.    The declaration contains four counts, *namely*, for goods sold; work and labor; money had and received; and money paid, laid out, and expended.    It differs, however, from the ordinary counts in assumpsit, in that the relation of the parties to the subject matter of each count is entirely reversed.    The indebtedness of the defendant to the plaintiff is claimed to be for goods, &c., sold and delivered by the defendant to the plaintiff; for work and labor performed by the defendant for the plaintiff; for money had and received by the plaintiff for the defendant; and for money paid, &c., by the defendant for the plaintiff.    The plea was the general issue, with several special matters of defense.    The objection that no ground of action is

set out in the declaration, was taken in the justice's court, but does not appear to have been renewed in the circuit.

The declaration is so manifestly insufficient as not to admit of comment. It is not the case of a cause of action defectively stated, which may be aided by verdict; but the plaintiff shows no cause of action at all, unless it be one in favor of the defendant, and against himself. No judgment can be sustained upon the declaration as it stands. It is well settled that nothing will be presumed to have been proved, even after verdict, except what is alleged, or necessarily implied from what is alleged; and that where the declaration contains no allegation of facts showing a cause of action, it will not be cured by verdict. *Harding vs. Crargie,* 8 Vt., 501; *Williams vs. Hingham Turnpike,* 4 Pick., 340; *Needham vs. McAnley,* 13 Vt., 68; *Carlisle vs. Weston,* 1 Met., 36; *Griffin vs. Pratt,* 3 Conn., 513; *Phelps vs. Gill,* 1 Day, 315; and *Chichester vs. Vass,* 1 Call., 83.

The judgment of the circuit court is therefore reversed, and the plaintiff may amend his declaration and have a new trial, upon payment of the costs.