## KEITH & HASTINGS, Admrs., &c., v. ALFRED MILES.

1. CONTRACT : CONSIDERATION : PERFORMANCE OF A LEGAL DUTY NOT SUF-
FICIENT TO SUPPORT A PROMISE.—The doing of an act which the party
was under a legal obligation to do is not a sufficient consideration for a
promise to pay or reward the party for such performance of his legal duty.
See 2 Tucker's Lect. 137 ; 2 Burr. R. 924 ; 2 Black. R. 204 ; Chitty on
Con. 54.
2. SAME : SAME : CASE IN JUDGMENT : GUARDIAN AND WARD : DUTY OF WARD
TO SUBMIT TO GUARDIAN.—It is the legal duty of a ward to remain with
his guardian and to submit himself to his control ; and hence, if he escape
from the guardian and live with another, and then return to the house of
the guardian in consideration of the promise of the latter that he would not
charge him for boarding with him, the promise of the guardian is void for
want of consideration, and he may rightfully charge the ward for board-
ing him.

ERROR to the Probate Court of Panola county.    Hon. J. T. M. Burbridge, judge.

*H. A. Barr*, for plaintiffs in error.

The item in the account for board ought to have been

allowed. The guardian had a right to command the ward to board with him, and the ward was under obligation to obey him. There was therefore no consideration for the promise of the guardian to board him without charge.

If the master of a ship promise his crew an addition to their fixed wages in consideration of extraordinary exertions during a storm, this promise is *nudum pactum*—the performance of an act which it was before legally incumbent on the party to per- form, being in law an insufficient consideration. Chitty on Con. 54.

And so it would be in any case where the only consideration of the defendant's promise was the promise of the plaintiff to do, or his actually doing, something which he was previously bound to do. Chitty on Con. 54.

No counsel offered for defendant in error.

HARRIS, J., delivered the opinion of the court:

The defendant in error, when about ten or twelve years old, left the house of his guardian, Alexander Miles, plaintiffs' intes- tate, and went to the house of his uncle by marriage, " and there in the neighborhood remained until his guardian persuaded him to go and live with him, making him the following promises : that he, the guardian, would not charge him, the said defendant any board; that he would send him to school and make no charge for the same." The defendant went to live with plain- tiffs' intestate, his said guardian, and remained there about twelve months.

On final settlement of the guardianship account, plaintiffs in error claimed allowance of sixty dollars for the board of defend- ant, and also amounts paid for tuition.

Exceptions were filed to these items in the court below, and sustained by the court. This writ of error is now prosecuted here to revise that judgment.

It appears in this record that the defendant paid no board at his uncle's house during his stay there; and upon this ground, we suppose, it was thought, in the court below, a *sufficient con-*

*sideration* arose to sustain the promise of the guardian to board and school the defendant without charge.

Between adults, or where *no duty of obedience* existed, a promise made under these circumstances would doubtless be obligatory, upon the ground that injury and loss would otherwise be occasioned to defendant by his abandonment of his uncle's house, where he paid no board. But a different rule is held in cases where it is the *legal duty of the promissee* to do, without reward, the act induced by the promise sought to be enforced.

No action will lie to enforce a promise for doing that which it was the party's legal duty to do, *without* such promise or reward, "for this would be extortion and illegal." 2 Tucker's Lect. 137; 2 Burr. R. 924; 2 Black. R. 204; Chitty on Con. 54.

The ward in this case, being under the legal control of his guardian, had no right to rebel against his authority, leave his house, or refuse obedience to his lawful directions. It was his *legal duty*, as well as his highest interest, to submit himself cheerfully to the directions of his guardian; and he cannot be permitted to exact a reward for the performance of a duty so obviously incumbent on him. The law will not presume that *injury or loss could arise* to him in the discharge of that duty, and hence *no consideration* for the promise to board and school him could arise to support it, against his guardian.

The promise relied on to avoid the items of board and tuition claimed in the account of plaintiff's intestate being without consideration is void. The court therefore erred in rejecting these items on that ground.

Let the judgment and decree of the court below be reversed, and cause remanded for further proceedings in accordance with this opinion.