## DARIUS H. ROWELL v. TOWN OF VERSHIRE.

*Pauper. Emancipation. Consideration for contract to support. Request to charge. Practice.*

1. Where a child is of weak mind so as to be incapable of exercising a choice as to its place of residence, or of caring for itself, and has, in fact, always lived and been cared for in the father's family, the father is legally bound to support it after, the same as before, it attains the age of legal majority; and he cannot require aid from the town in its support so long as he has sufficient means himself.

2. If in such case he does apply to the town for assistance after the child becomes of age, and the town expressly promises to assist him, it will not be liable upon its contract, for the promise is without consideration.

3. The County Court is bound to charge correctly upon all material points in the case without request, and if it neglects to do so an exception will lie to that neglect.

4. If a request is necessary, it is by virtue of a rule of practice which the trial court may suspend in its discretion, and by allowing and certifying the exception it does in effect suspend it.

This was an action of assumpsit brought by the plaintiff against the defendant town to recover for services in caring for his daughter Lomyra. Plea, the general issue. Trial by jury at the June Term, 1888, Powers, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

With reference to the mental condition of the daughter and her relation to the plaintiff the exceptions stated:

"It appeared that said Lomyra A. was 23 years of age at the time of the commencement of this suit, and had from a child been of weak mind and incapable of exercising any choice or intention in regard to the place of her residence, had always lived with the plaintiff as a part of his family, and during all said time was suffering from such mental disability and infirmity as rendered it necessary that she should remain with and under the care, protection and control of her parents, and had never been emancipated."

It did not appear what the pecuniary ability of the plaintiff was.

The plaintiff claimed to recover in virtue of an express con--
tract with the overseer of the defendant, which the defendant
denied, and this was the only question raised during the trial.
In the course of its charge the court said to the jury that under
the facts of this case the daughter had never been emancipated,
and that the plaintiff was still liable for her support. There-
upon, at the conclusion of the charge, the defendant for the first
time claimed that the promise of the defendant was without con-
sideration and void, and requested the court to so further instruct
the jury. This the court refused to do and the defendant
excepted.

*J. K. Darling* and *John H. Watson*, for the defendant.

The daughter never having been emancipated, and not being
a fit subject for emancipation, it was still the legal duty of the
father to support her. Reeves Dom. Rel. 283 ; *Swain* v. *Tyler*,
26 Vt. 9 ; *Rockingham* v. *Springfield*, 59 Vt. 521.

That being so the father himself was the pauper. *Rocking-*
*ham* v. *Springfield*, 59 Vt. 521 ; *Gilmanton* v. *Sanbornton*, 56
N. H. 336 ; *Croydon* v. *Sullivan*, 47 N. H. 179.

Hence the promise of the defendant to pay the plaintiff for
doing what he was in law bound to do was *nudum pactum.*
*Cobb* v. *Cowdry et al.*, 40 Vt. 28 ; Chit. Con. 51, 52 and notes ;
*Crowhurst* v. *Lavrack*, 8 Exch. 208 ; *Laboytaux* v. *Swigart*,
1 W. Rep. 562; *Bragg* v. *Danielson*, 141 Mass. 195 (1 N. E.
Rep. 727); *Kent* v. *Rand*, 2 N. E. Rep. 858; *Hubbard* v.
*Bugbee*, 58 Vt. 172 ; *Haywood* v. *Barker*, 52 Vt. 429.

It was the duty of the court to charge fully without being
requested. *State* v. *Hopkins*, 56 Vt. 261 ; *Buck* v. *Squires*,
23 Vt. 498.

*Roswell Farnham*, for the plaintiff.

The request that the court instruct the jury that the plaintiff
could not recover because he was, in legal effect, the pauper,
came too late and the exception will not lie. The question was
not raised during the trial.

Suppose it came in time the principle contended for is not sound.

The plaintiff contracted with the town and the fact that he was a pauper does not invalidate the contract. 1 Par. Con. c. 1; Chit. Con. c. 11; 1 Add. Co. c. 11.

The opinion of the court was delivered by

Ross, J. This is an action of assumpsit in which the plaintiff seeks to recover for supporting his daughter, Lomyra A., on an alleged contract with the overseer of the poor of the defendant. The daughter was 23 years old when the suit was brought, and presumably over 18 years old when the claimed contract was made. It is stated in the exceptions that it appeared that this daughter had from a child been of weak mind and incapable of exercising any choice or intention in regard to the place of her residence, had always lived with the plaintiff as a part of his family, and during all said time was suffering from such mental disability and infirmity as rendered it necessary that she should remain with and under the care, protection and control of her parents, and had never been emancipated. On this state of facts she was incapable of gaining any settlement in her own right. *Ryegate* v. *Wardsboro*, 30 Vt. 746. She would take the settlement of her father, though acquired after she reached the age of majority. *Hardwick* v. *Pawlet*, 36 Vt. 320; *Topsham* v. *Chelsea*, 60 Vt. 219. "Upon the ground of humanity," as said in the case first cited, she remained a part of the plaintiff's family after she reached the age of majority as much as she did before, and the same policy which prohibits the separation of the father from his unemancipated children for the purposes of support, prohibited the separation of this daughter from the plaintiff for such purpose. An order of removal upon the plaintiff, with his family and effects, would be operative to remove the daughter with him. *Landgrove* v. *Plymouth*, 52 Vt. 503. While, *ex necessitate*, she remained a member of the family of the plaintiff, he was bound, if of sufficient ability, to support her. When any member of the legally constituted fam-

ily is in need of support, and the legal head of the family, on whom the duty to support the family legally rests, is unable pecuniarily to furnish it, the legal head of the family becomes a pauper and the family take their *status* from him, and the aid furnished to the needy member is legally furnished to him, because on him rests the legal duty of furnishing the support, not only of himself but of any member of the family. *New bury* v. *Brunswick*, 2 Vt. 151; *Gilmanton* v. *Sanbornton*, 56 N. H. 336; *Croydon* v. *Sullivan*, 47 N. H. 179. In this last case may be found cited a large number of cases from other New England States, supporting this doctrine, and applying it to the case of support furnished to an unemancipated child who had passed the years of majority. Hence the charge of the court was correct when it instructed the jury that the aid furnished by the defendant for the support of this unfortunate daughter was furnished to the plaintiff, and that, in legal significance, the plaintiff was the pauper aided, because it was his duty, if of sufficient pecuniary ability, to support the daughter. The support of her, furnished by the town, was in relief of his legal duty and so in relief of him. Until the court thus charged, in substance, the case on both sides had been tried upon the question whether the overseer of the poor of the defendant had contracted with the plaintiff to pay him for supporting this daughter for more time than it had paid him. It had proceeded upon the basis that the plaintiff was under no legal duty, even if of sufficient ability, as between him and the town, to support the daughter, and that he in this respect stood related to the town like any other person under no legal duty to furnish the support. As soon as the learned judge had closed his charge the counsel of the defendant requested the court to further charge the jury, in substance, that the plaintiff being the real pauper, although made so by the needs of this daughter, having furnished the support himself, could not recover of the defendant, although the jury should find that the overseer of the poor of the defendant agreed that he would pay him for supporting the daughter. The court did not comply with this request and did not charge upon

this subject at all.   To this neglect to charge the defendant excepted.   The plaintiff contends that this request was out of season, having been made at the close of the charge.   If the request, as such, was out of time, it is well settled that, without request, the court is bound to charge upon every branch of the case.   Hence, if this · is an essential part of the case, an exception to its failure to charge unrequested is well taken.   But if the request were necessary, the court might well waive the rule requiring requests to be made earlier in the trial.   It has done so, because it allows the exception without condition and without regard to the rule relative to requests to charge.   Hence,. the question remains whether it was the duty of the court to charge the jury on this subject.   This raises, in legal effect, the question :   A person claiming to be a pauper applies to the overseer of the poor of the town where he is residing for aid, and the overseer tells him, ' You continue to support yourself and, as the agent of the town, I will give you a given sum per week, or (to be strictly analogous to this case), I will aid you,' without naming any sum.   The person claiming to be a pauper does support himself and the overseer neglects to furnish any aid.   After the lapse of the period when the aid should have been furnished, can the real or pretended pauper recover of the town upon the promise of the overseer ?   In other words, is there any consideration for such promise ?   We think not.   It was the legal duty of the plaintiff, if of sufficient ability, to support this daughter.   He had no right to cast any of it upon, the public.   If by the promise of aid he was induced to make an extra effort to support her, and did so, he did no more than, his legal duty.   The town received no benefit and he no detriment by the discharge of this duty, because he relieved the town, from the performance of no legal duty.   It owed him no duty to support the daughter if he could support her.   In supporting her he suffered no legal detriment because he only discharged his legal duty.   If the promise of aid was an inducement to his discharge of this legal duty, it was without consideration and legally non-enforceable.   In *Cobb* v. *Cowdry*, 40 Vt. 25 (94 Am. Dec.

370), KELLOGG, J., speaking for this court, says : " A promise by a party to do what he is in law bound to do is not an illegal consideration, but is the same as no consideration at all and is merely void ; in other words, it is insufficient but not illegal. Thus, if the master of a ship promise his crew an addition to their fixed wages in consideration of and as incitement to their extraordinary exertions during a storm, or in any other emergency of the voyage, this promise is a *nudum pactum*, the voluntary performance of an act which it was before legally incumbent on the party to perform being in law an insufficient consideration. And so it would be in any other case where the only consideration for the promise of one party was the promise of the other party to do, or his actual doing something which he was previously bound in law to do. Chitty on Contracts, 10th Am. Ed. 51 ; Smith on Contracts, 87, 88 ; 3 Kent's Com. 185. The principle here announced clearly shows that the promise of the defendant, through its overseer of the poor, was without consideration and not enforceable.

For this promise the plaintiff promised to support this daughter, just what and no more than he was legally bound to do without the defendant's promise. . That the plaintiff performed his promise adds nothing by way of consideration, because he was legally bound to support the daughter as much before as after he promised the overseer to do so.

Applications of this principle may be found in the following cases : *Smith* v. *Bartholomew et al.*, 1 Met. 276 (35 Am. Dec. 365) ; *Rix* v. *Adams & Throop*, 9 Vt. 233 ; *Ferrell* v. *Scott*, 42 Am. Dec. 371 ; *Keith* v. *Miles*, 39 Miss. 442 (77 Am. Dec. 685) ; *Jones* v. *Ashburnham*, 4 East. 455 ; *Hawley* v. *Farrar*, 1 Vt. 420 ; *Barlow* v. *Smith et al.*, 4 Vt. 139 ; *Statesbury* v. *Smith*, 2 Bunb. 924. It was therefore error for the court to neglect to instruct the jury upon this branch of the case, as it was one of the vital points in the case as made up. Without taking up the other exceptions in the case,

*The judgment is reversed and cause remanded.*