(December 29, 1922.)

HORACE R. HOWELL, Administrator of the Estate of H. SMITH WOOLLEY, Deceased, Respondent, v. ANNA MARTIN, Appellant.

[211 Pac. 528.]

VOID JUDGMENT—FAILURE OF COMPLAINT TO STATE A CAUSE OF ACTION —ACTION AGAINST MARRIED WOMAN.

1. Judgment based on complaint that does not state a cause of action is void.

2. In an action against a married woman on a promissory note or open account complaint must "show that the debt was contracted for the use or benefit of her separate property or for her own use or benefit, or in reference to the management, control or business transactions touching such property."

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action on promissory note and three actions on open accounts. Judgment for plaintiff. First three causes of action, judgment *reversed.* Fourth cause of action, judgment *affirmed.*

Wm. J. Ryan, for Appellant.

The court was without jurisdiction to enter judgment against appellant in the first three causes of action, as it is shown in the complaint that they were all contracted by and for the benefit and use of Frank Martin, deceased husband of appellant. (*Dernham v. Rowley,* 4 Ida. 773, 44 Pac. 643; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.)

With regard to the fourth cause of action, the funeral expenses contracted for the benefit of the deceased should have been filed as a claim against the estate. (C. S., sec. 7588; *Idaho Trust Co. v. Miller,* 16 Ida. 308, 102 Pac. 360; *Dern v. Olsen,* 18 Ida. 358, Ann. Cas. 1912A, 1, 110 Pac. 164, L. R. A. 1915B, 1016; *United States v. Hailey,* 2 Ida. 22, 3 Pac. 263; 1 Black on Judgments, sec. 84, p. 119; *Choynisky v. Cohen,* 39 Cal. 501, 2 Am. Rep. 706.)

"If the complaint exhibits no cause of action, even a judgment by default will be refused upon appeal." (*Abbe v. Marr,* 14 Cal. 210; *Bosch v. Kassing,* 64 Iowa, 312, 20 N. W. 454; 23 Cyc. 740.)

P. C. O'Malley, for Respondent.

"Although one or more of the counts in a declaration may be defective or insufficient, yet if it contains a good count it will support a general verdict for plaintiff and a judgment entered thereon will not be reversible." (23 Cyc. 696.)

When a married woman, if personally served with summons, allows judgment to be taken against her by default, on a note signed by herself and husband, she is thereafter estopped from maintaining a suit in equity to set aside a levy under execution issued on such judgment on the ground that the judgment is void as to her because the consideration for the note was not for her individually, or for the benefit of her estate. (*Evans v. Calman,* 92 Mich. 427, 31 Am. St. 606, 52 N. W. 787.)

The defendant was personally liable for the debts sued for in the complaint as she especially contracted for them. (*Edminston v. Smith,* 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871.)

The question of the jurisdiction of the court cannot be raised on the ground that the complaint does not state facts sufficient to constitute a cause of action. (*Idaho Trust Co. v. Miller,* 16 Ida. 308, 102 Pac. 360.)

Applications to open or vacate judgments are addressed to the discretion of the court and rulings upon such motions will not be disturbed upon review where no abuse of the court's discretion is shown. (2 Standard Ency. of Procedure, 455; *Bowen v. Wyeth,* 119 Ga. 687, 46 S. E. 823; *Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *Hoyt v. Lightbody,* 93 Minn. 249, 101 N. W. 304; *Keeney v. Fargo,* 14 N. D. 423, 105 N. W. 93; *Horn v. United Securities Co.,* 47 Or. 124, 114 Am. St. 912, 81 Pac. 1009; *McMahon v. Pugh,* 62 S. C. 506, 40 S. E. 961; *Lindsay v. Scott,* 56 Wash. 206, 105 Pac. 462; *Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Western Loan etc. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Culver v. Mountain Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539, 27 L. R. A., N. S., 707; *Morbeck v. Bradford-Kennedy Co.,* 19 Ida. 83, 113 Pac. 89; *Green v. Kandle,* 20 Ida. 190, 118 Pac. 90, 35 L. R. A., N. S., 1146; *Humphreys v. Idaho Gold Mines Co.,* 21 Ida. 126, Ann. Cas. 1913D, 433, 120 Pac. 823.)

DUNN, J.—Respondent brought this action in the district court of Bannock county against appellant, setting up four causes of action. The first is on a promissory note for $500 signed by Frank C. Martin and Anna Martin; the second is for medical services rendered to Frank C. Martin by respondent amounting to $100; the third is for hospital services rendered to Frank C. Martin by the Sisters of Mercy of the St. Anthony Hospital at Pocatello; the fourth is for services in connection with the burial of Frank C. Martin, said services having been rendered at the request of appellant and she having promised to pay therefor. The last two claims were assigned to respondent before the bringing of this action. Anna Martin is appellant herein and Frank C. Martin was her husband.

On each of these four causes of action respondent sought and obtained a personal judgment against appellant, the aggregate amount of the judgment being $1,191.95, with interest thereon from the date of· the judgment, December 30, 1919, together with costs amounting to $27.25.

As to the first three causes of action it is clear that they do not state facts sufficient to support a personal judgment against appellant,· it being alleged that Frank C. Martin and Anna Martin were husband and wife and there being no allegation in any one of said causes of action "to show that the debt was contracted for the use or benefit of her separate property or for her own use or benefit, or in reference to the management, control or business transactions touching such property." (*Bank of Commerce v. Baldwin,* 12 Ida. 202, 210, 85 Pac. 497.) The judgment, therefore, in so far as it depends on these three causes is void. (Black on Judgments, sec. 183; *Harris v. Harris,* 10 Wis. 467; *Miller v. Prout,* 33 Ida. 709, 197 Pac. 1023.)

On the argument at Pocatello the attention of the court was called to the fact that since the rendition of the judgment in this case respondent had died, and the motion to substitute the administrator of the estate of respondent was granted.

As to the first three causes of action the judgment of the trial court must be reversed. As to the fourth cause of action the judgment will be affirmed for $305 and the costs necessarily incurred in support thereof, which will be such costs as would have been necessarily incurred if the action originally had been brought on the fourth cause of action alone. The district court will determine the amount of such costs.

As to the fourth cause of action the judgment is affirmed for $305, plus the costs to be determined by the trial court. As to the first three causes of action the judgment is reversed and the trial court is directed to dismiss the same. Costs on appeal awarded to appellant.

McCarthy and Lee, JJ., concur.

Budge, J., being disqualified, took no part.