(January 24, 1900.)

## STRODE v. MILLER.

[59 Pac. 893.]

MORTGAGE—FORECLOSURE.—It is error to decree a joint sale of distinct parcels of property mortgaged to secure several different debts, by different mortgages, for the satisfaction of the aggregate amount of all the mortgage debts.

ESTOPPEL—ATTORNEYS—STIPULATION.—A party who stipulates that a certain decree may be entered, is not estopped from appealing from a decree different from that contemplated by the stipulation.

SAME—MARRIED WOMAN.—Attorneys cannot by stipulation bind a married woman in a case where she could not bind herself, or make her liable on a contract that she has never executed.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hugh E. McElroy, for Appellant.

In mortgage foreclosure the jurisdiction of the court is strictly limited to ordering the mortgaged property sold in satisfaction of the lien thereon. Section 4520 of the Revised Statutes of Idaho provides as follows: "In such action, the court may, by its judgment, direct a sale of the encumbered property (or so much thereof as may be necessary) and the application of the proceeds of the sale to the payment of the costs of the court and the expenses of the sale, and the amount due to the plaintiff. A judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered. A judgment not supported by the pleadings is as fatally defective as one not sustained by the verdict or finding. (Black on Judgments, sec. 183; *Bachman v. Sepulveda,* 39 Cal. 688; *Marshman v. Conklin,* 21 N. J. Eq. 546; *Parsley v. Nicholson,* 65 N. C. 207; *Frevert v. Henry,* 14 Nev. 191.) When foreclosure of several mortgages is sought and embraced in a single action, the decree should find the amount due on each, the priority or order in which each is to be paid, and only such property as is embraced in a particular mortgage should be sold to satisfy the debt secured thereby. (*Collier v. Ervin,* 2 Mont. 335.)

The court had no jurisdiction to order deficiency judgment against Sarah M. Miller. It appears from the complaint that she had not executed the $2,000 note at all, and there is no allegation that the other notes evidenced indebtedness incurred for her separate use and benefit or for the use and benefit of her separate estate. (*Jaeckel v. Pease,* 6 Idaho, 399, 53 Pac. 399.) Ordinarily, the pleadings as well as the findings on matters in issue, must authorize the judgment. Where the judgment is by stipulation, findings of the court become wholly unnecessary, and the judgment must be supported by the stipulation. If a party to such stipulation is entitled to judgment, it is upon the stipulation and not upon a trial of the case. (*Gilmore v. Insurance Co.,* 65 Cal. 63, 2 Pac. 883.)

W. E. Borah, for Respondent.

The case below is one which seems to us to be directly in point. It was for the foreclosure of a mortgage, and the decree was consented to by the solicitors for defendants. An appeal was taken, but the court held that nothing could be considered as error which could and had been waived by the consent decree, saying: "If, when the case gets here, it appears that the decree appealed from was assented to by the plaintiff, we cannot consider any errors that may be assigned which were in law waived by the consent. . . . . And so of all other provisions of the decree which are complained of. All these were matters to which the parties might properly agree; and having agreed, it does not lie with them to complain of what the court has done to give effect to their agreement. (*Pacific R. R. Co. v. Ketchum,* 101 U. S. 932; *Fletcher v. Holmes,* 25 Ind. 458.) It appears, from the printed record, that the decree below was entered by the consent of the defendant, by his solicitor. Such a decree is binding upon the parties, unless impeached for fraud or mistake, and no such claim is advanced by this appeal. (*Brick v. Brick,* 65 Mich. 230, 31 N. W. 907, 33 N. W. 761; *Harvey v. Bunker Hill etc. Co.,* 2 Idaho, 765, 24 Pac. 30; *Schmidt v. Oregon etc. Co.,* 28 Or. 9, 52 Am. St. Rep. 759, 40 Pac. 406, 1014; *Nash-*

*ville R. Co. v. United States,* 113 U. S. 266, 5 Sup. Ct. Rep.
460; *Town of Bristol v. Water Works,* 19 R. I. 631, 35 Atl.
884; *Indianapolis etc. Ry. Co. v. Sands,* 133 Ind. 433, 32 N. E.
722; *Knobloch v. Mueller,* 123 Ill. 554, 17 N. E. 696; *Board
of Commrs. v. Scott,* 19 Ind. App. 227, 49 N. E. 395; *Pember-
ton v. Pemberton,* 41 N. J. Eq. 349, 7 Atl. 642; *Schermerhorn
v. Mahaffie,* 34 Kan. 108, 8 Pac. 199; Beach on Modern Equity
Practice, sec. 795; *Meecham v. McKay,* 37 Cal. 154; *Oullahan
v. Morrisey,* 73 Cal. 297, 14 Pac. 864; *Erlanger v. Southern
Pac. Ry.,* 109 Cal. 395, 42 Pac. 31; *Brotherton v. Hart,* 11
Cal. 405; *Sleeper v. Kelley,* 22 Cal. 456; *Soc. Francaise D'Es-
pargnes v. Beardslie,* 63 Cal. 16; *Rader v. Barr,* 22 Or. 495,
29 Pac. 889; *San Francisco v. Certain Real Estate,* 42 Cal.
513.)

QUARLES, J.—This action was commenced by the respond-
ent, plaintiff below, to foreclose three several mortgages on
distinct parcels of land, securing three several notes executed
at different times, each of said notes being payable to said re-
spondent—one dated June 10, 1893, for $2,000, executed by
appellant A. O. Miller alone; one for $1,000, dated October
25, 1893, executed by said Miller and his wife, Sarah M.
Miller; and the other for $1,000, dated December 12, 1894,
executed by said Miller and wife. Each of said mortgages
was executed and acknowledged by both said Miller and wife.
There are no allegations in the complaint that the mortgaged
property, or any of it, is the separate estate of Mrs. Miller,
or that said debts were created for the benefit of her separate
estate. The presumption, therefore, is that said debts are
debts of the husband, and that said property is community
property. (*Jaeckel v. Pease,* 6 Idaho, 399, 53 Pac. 399.) The
prayer of the complaint demanded judgment for the amount
due on each of said mortgage notes, and "that the usual decree
may be made for the sale of said premises by the sheriff of
said county, according to the law and practice of this court,"
etc. The defendants demurred to the complaint, but afterward
waived the demurrer, waived answer, and by their counsel
stipulated in open court as follows, to wit: "In this cause

counsel for defendants waives answer and consents to judgment as prayed for in plaintiff's complaint. The respective counsel for plaintiff and defendants agree that the court shall grant a stay of execution for a period of thirty days." Thereupon the testimony of G. W. Lamoreau was taken as to the amount due, and the court rendered judgment against both of the defendants for the aggregate amount due upon all of said notes, fixing the amount at $4,929.53, and for $150 attorney fees, and costs of suit, twenty-three dollars, and directed the sale of all of the mortgaged property to satisfy said amounts, and directed that upon the coming in of the sheriff's return judgment be docketed by the clerk against both of said defendants for such deficiency as might be shown thereby. The decree was entered September 17, 1898. This appeal was taken and perfected July 27, 1899.

Appellants contend that the judgment should be reversed, because the judgment is not supported by the complaint, the findings and conclusions are contrary to law, and are not in accord with the stipulation, and for the reason that the court had no jurisdiction to decree a joint sale of all the property embraced in the several mortgages for the aggregate amount due upon all of the several mortgage debts. It is contended by the respondent, however, that, the judgment being a consent judgment, the appellants are estopped from complaining of it, and the appeal should be dismissed. It will be noted that the prayer of the complaint is that the mortgaged property be sold "according to the law and practice of this court," and that the stipulation agreed that such decree should be entered according to the law and practice of the court. The decree should have provided for a sale of the property embraced in each mortgage to satisfy the particular debt for which it had been hypothecated, and no other. The attorneys did not stipulate for any other decree, and had no authority to do so. That part of the decree directing the entry of a deficiency judgment against Mrs. Miller is erroneous. It makes her personally liable for the $2,000 note, which she did not execute, whereas she was not liable on either one of the notes. She could not bind herself personally for her husband's debt, nor could her

attorneys bind her by stipulation. The judgment not being warranted by the stipulation, the appellants are not estopped from appealing therefrom.

We feel sure that the judgment in this case was entered through inadvertence. Appellants should have made application to the district court to vacate said judgment under section 4229 of the Revised Statutes. Such application, we are satisfied, would have obviated the necessity of this appeal. This being an equitable action, the awarding of costs is in the discretion of the court. Under the circumstances of this case we think that each party should pay his own costs upon this appeal, and it is so ordered. The judgment is reversed, and the cause remanded to the district court, with instructions to find the amount due upon each of the mortgage debts, and to enter a decree directing the sale of the mortgaged premises described in the several mortgages to satisfy the particular debt for which such property has been hypothecated, and directing the clerk to docket judgment against A. O. Miller, only, for such deficiency as may be shown by the sheriff's return of sale to be due on said mortgage debts, and for further proceedings in accordance with law.

Huston, C. J., and Sullivan, J., concur.