(December 15, 1900.)

## HOLT v. GRIDLEY.

[63 Pac. 188.]

JURISDICTION—UNWARRANTED POSTPONEMENT OF TRIAL.—The postponement of a trial is in the sound discretion of the court, and if a postponement is erroneously granted, the court does not lose jurisdiction of the case.

APPEAL—NEW TRIAL.—Under the provisions of section 4844 of the Revised Statutes, upon an appeal from the probate court on questions of law alone, the court, upon sufficient showing, may, if necessary and proper, order a new trial in the district court.

SAME—PRESUMPTIONS.—When the record fails to show the grounds of the necessity for ordering a new trial in the district court when an appeal is taken from a justice or probate court on questions of law alone, the presumption is that such necessity was shown, as the district court is a court of general jurisdiction.

UNCERTAINTY—VOID JUDGMENT.—Where there are two defendants, and the judgment is against only one, and fails to designate which one, the judgment is void for uncertainty.

SEPARATE PROPERTY OF MARRIED WOMAN.—When it is sought to make the separate property of a married woman liable for debt, it must be alleged and proved that the debt is her own, or incurred for the benefit of her separate property. Her separate property is not liable for the debts of the husband.

(Syllabus by the court.)

APPEAL from District Court, Lincoln County.

Guy C. Barnum, for Appellants.

The court below having no jurisdiction of the case, and the appeal being upon questions of law alone, and the district court having annulled and set aside the judgment of the court below, had no power or jurisdiction to retain the case for further hearing, but should have dismissed the same and denied further proceedings in the premises. (*Holbrook, Merrill & Stetson v. Superior Court of Sacramento County,* 106 Cal. 589, 39 Pac. 936; *Chase v. Hagood,* 3 Idaho, 682, 34 Pac. 811.) Where the trial court has no jurisdiction of the subject matter of a cause, the appellate court has none, except to annul by reversal the illegal proceedings below. It cannot remand the cause to the trial court nor retain the same for further hearing. (2 Ency. of Pl. & Pr., p. 23, sec. 6; *Board of Commrs. of Otero Co. v. Hoffmire,* 9 Colo. App. 526, 49 Pac. 375.) The judgment of the district court setting aside and annulling the judgment of the probate court as a necessary consequence dissolved the attachment and garnishee proceedings connected with and dependent on said judgment. The fact of an improper and unlawful continuance having been granted by the lower court acted as a dismissal of the action, and left the parties as if no action had been brought; therefore it is manifest error in the district court to award that the attachment and garnishee proceedings heretofore had in the case should be pursued in support of plaintiff's

claim and judgment rendered. (Drake on Attachment, sec. 415.) An unwarranted continuance amounts to a discontinuance. (5 Ency. of Law, 1st ed., 675, note; *Christion v. Beebee,* 7 Ill. App. 272; *State v. Board of Health,* 46 N. J. L. 99; *Gamage v. Law,* 2 Johns (N. Y.) 192; *Paddleford v. Bancroft,* 22 Vt. 529; *Amis v. Krager,* 7 Leigh (Va.), 221; 1 Estee's, 4th ed., 36.) The court erred in permitting the plaintiff to answer the defendant, Mrs. Sam Gridley's, cross-complaint, thereby creating a new issue that did not exist at the trial, in the probate court. (*Myrick v. Court of Contra Costa Co.,* 68.Cal. 98, 8 Pac. 648; *Ketchum v. Superior Court of San Joaquin Co.,* 65 Cal. 494, 4 Pac. 492; *Jenkins v. Powe,* 19 Wash. 113, 52 Pac. 520; *State v. Superior Court of Pierce Co.,* 19 Wash. 114, 52 Pac. 522, 67 Am. St. Rep. 739; *Ostrom v. Tarver,* (Tex. Civ. App.), 28 S. W. 701.) A judgment rendered against persons jointly liable is an entirety, and if void as to one defendant is void as to all. (Freeman on Judgments, 2d ed., sec. 136.)

N. M. Ruick, for Respondent.

Whether the granting of the continuance upon the showing made by plaintiff was erroneous or otherwise it cannot be said to have been in excess of the jurisdiction of the court to grant. (Rev. Stats., sec. 4704.) This appeal from the probate court was on questions of law alone. On such an appeal "the district court may review all orders affecting the judgment appealed from, and may set aside or confirm or modify any or all of the proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial in the district court." (Rev. Stats., sec. 4844.)

SULLIVAN, J.—This action was brought in the probate court of Lincoln county to recover for goods, wares and merchandise alleged to have been sold to the defendants, who are shown by the record to be husband and wife. The husband failed to appear, but the wife appeared, and demurred to the complaint. The demurrer was overruled, and thereupon she answered, denying the material allegations of the complaint as to herself, and by way of what her counsel terms a cross-complaint alleges that $140 that

had been attached in said suit in the hands of one S. C. Frost, was a part of her separate estate, and not liable for the payment of the debt sued on. On the return day the plaintiff appeared, and moved for a postponement of the trial, which motion was based on the affidavit of plaintiff. Regardless of the opposition of counsel for said defendant, the court granted said motion. Thereafter such proceedings were had as resulted in a judgment against the defendant, whereupon the defendant Mrs. Samuel Gridley, who is appellant here, appealed to the district court on questions of law alone. On a hearing in the district court the contentions of appellant were sustained, and the judgment of the probate court reversed. The court then entered said case on the calendar for trial. Thereupon appellant moved to dismiss said case on the ground that the court had no jurisdiction to try the same *de novo.* Said motion was overruled, and the case tried by the court without a jury, and judgment was entered against one of the defendants, not designating which one. This appeal is from the judgment.

The first error assigned is that the probate court lost jurisdiction of the case by reason of its unwarranted postponement of the trial, and for that reason the district court had no jurisdiction to try the case *de novo.* It is contended that the probate court lost jurisdiction to try said case because of its granting a postponement of the trial upon an affidavit that failed to state any legal ground whatever therefor. The affidavit fails to state any statutory ground for a continuance. That being true, we do not think the court lost jurisdiction because of its erroneous ruling on the motion for a continuance. The granting of a continuance is largely in the sound discretion of the court, and, if an error is made, it may be corrected, but the court does not lose jurisdiction of the case.

The second error assigned is that the district court erred in ordering the case placed on the docket for trial. It is contended that, as the appeal from the probate court was on questions of law alone, and as those questions were decided by the district court in favor of appellant, and the jurisdiction of the probate court set aside, that ended the appeal to the district court, and the cause should have been dismissed. By the provi-

sions of section 4844 of the Revised Statutes, the court may, upon an appeal on questions of law alone, review all orders affecting the judgment appealed from, and may set aside, or confirm, or modify any or all of the proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial in the district court. The record shows that the cause came on for hearing in the district court on questions of law alone, and the court sustained the position of appellant, and set aside the judgment of the lower court. There is nothing in the record to show that it was necessary or proper to order a new trial in the district court. When an appeal is taken on questions of law alone, the district court is not authorized to try the case *de novo* after deciding the questions of law, unless it is made to appear that it is "proper or necessary" to try such case anew. There is nothing in the record to show what the court based its opinion on which led it to the conclusion that a new trial was necessary or proper. The transcript, however, does not purport to contain a copy of all papers filed in the court below, and it will be presumed that a proper showing was made to the district court, as it is a court of record and of general jurisdiction. The judgment entered by the district court is against "said defendant." As a judgment against both defendants was entered in the probate court, and afterward set aside by the district court, and as the action had not been dismissed as to either of the defendants, the judgment appealed from is indefinite and uncertain, in that it does not designate which of the defendants the judgment was entered against, and for that reason must be reversed.

It also appears that the defendants are husband and wife, and there is nothing in the record to show that her separate property is liable for the indebtedness sued on herein. Where it is sought to make the separate property of a married woman liable for debt, it must be alleged and proved that the debt is her own, or made on behalf of her separate property. The wife is not personally liable for the debts of her husband, and neither is her separate property. The judgment must be set aside because of its uncertainty, and remanded. Costs of this appeal are awarded to appellant.

Huston, C. J., and Quarles, J., concur.