(November 19, 1912.)

R. E. McFARLAND, Appellant, v. SARAH S. JOHNSON,
Respondent.

-          [127 Pac. 911.]

PROMISSORY NOTE—LIABILITY OF MARRIED WOMAN—CONTROL OF SEPA-
RATE PROPERTY AND LIABILITY FOR DEBT.

(Syllabus by the court.)

1. Where an action is brought by R. E. McFarland to recover
upon a promissory note executed by Sarah S. Johnson to John
Adolph Johnson, and in the complaint it is alleged to have been sold
and transferred to McFarland, and there is no allegation in the com-
plaint that Sarah S. Johnson, the maker of the note, and John

Adolph Johnson, the payee, were husband and wife, the court cannot presume that Sarah S. Johnson was the wife of John Adolph Johnson, and was incompetent to make such contract.

2.  Where an action is brought by the assignee of the payee upon a promissory note, executed by Sarah S. Johnson to John Adolph Johnson, and the evidence shows that at the time of the execution of said note Sarah S. Johnson and John Adolph Johnson were husband and wife, but such evidence does not show that such debt was contracted for the wife's own use and benefit and for the use and benefit of her separate estate, it is not error to grant a motion for a nonsuit upon the ground that such note was not executed and the obligation thereof incurred for her own use and benefit or for the use and benefit of her separate property.

3.  Under the statutes of this state a married woman is given the absolute control of her separate property and estate, and has the power and right to contract with reference to such separate property and estate, and she may create a debt against herself personally when such debt is created for her own use or benefit and for the use and benefit of her separate estate.

4.  The evidence examined and *held* to support a finding made by the trial court on motion for a nonsuit.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. R. M. Dunn, Judge.

Action upon a promissory note.   Judgment for defendant. *Affirmed.*

Whitla & Nelson, for Appellant.

From the fact that the note was given by the wife to the husband, under the presumption of the law, it is presumed to be originally the wife's debt and a contract with reference to her separate property and estate, and comes exactly within the rule explicitly announced in the case of *Bank of Commerce v. Baldwin,* 12 Ida. 202, 210, 85 Pac. 497.

Lynn W. Culp, for Respondent.

It must be alleged in the complaint and proven that the debt was incurred for the use and benefit of her separate property, or was contracted by her for her own use and benefit.   (*Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Jaeckel v.*

*Pease,* 6 Ida. 131, 53 Pac. 399; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Bank of Commerce v. Baldwin,* 12 Ida. 211, 85 Pac. 497.)

It could scarcely be contended that where the wife appears in the note as maker and the husband as payee, such presumption would arise as to its being her separate and individual debt as would obviate the necessity of alleging the fact and submitting proof thereof, and so put the defendant wife on her proof.

STEWART, C. J.—This action was instituted by the appellant against the respondent in the district court of Kootenai county to recover upon a promissory note executed by Sarah S. Johnson, payable to John Adolph Johnson on March 17, 1908, for the sum of $4,000. It is alleged in the complaint that this promissory note was sold, transferred and assigned to the plaintiff prior to the commencement of this action, for valuable consideration. The answer filed by the defendant denies the execution of such promissory note and also denies the sale and transfer to appellant.

Upon the trial of the issues presented by the pleadings in the district court a jury was selected to try the issues of fact, and after the plaintiff had introduced his evidence in said cause counsel for respondent presented a motion for a nonsuit upon two grounds: First, the evidence introduced by plaintiff shows that the payee in the alleged note sued upon and the alleged maker thereof, the defendant herein, were at the time the said alleged note is alleged to have been executed husband and wife of each other respectively, while it is not alleged, and plaintiff has not offered to prove or offered any proof to show that said note was executed and the obligation thereof incurred for the use and benefit of her separate property or contracted by her for her own use and benefit. Second, no evidence has been introduced by the plaintiff showing that he was at the time of the beginning of this action, or at any other time, the owner and holder of said note, or that he held the said note in his personal capacity, or that he has or had any proprietary ownership therein such as

would give him the right to maintain an action in his own behalf for the recovery thereof.

This motion for a nonsuit was sustained by the trial court, and a judgment was entered sustaining said motion and dismissing said action. Thereafter a motion for a new trial was interposed and overruled, and this appeal is from the judgment and from the order overruling the motion for a new trial.

In the order granting a nonsuit the court finds: "That the evidence introduced by the plaintiff shows that the payee in the note sued upon and the maker of said note, the defendant herein, at the time of the execution of said note were husband and wife of each other, while it is not alleged in the complaint, and the evidence offered by plaintiff does not show, that said note was executed and the obligation thereof incurred for the use and benefit of her separate property or was contracted by her for her own use and benefit." The finding of the trial court in sustaining the motion supports the foregoing finding, and there is no conflict in the evidence as to the facts found above.

It will also be observed from the record that the order sustaining said motion does not indicate whether the motion was sustained upon the issue whether the respondent executed the note in question, or whether such note was assigned and transferred to the appellant, or the sufficiency of consideration. The court apparently relied upon the fact as found in finding No. 1. By this finding it appears that the defendant and the payee of the note sued upon were husband and wife at the time of the execution of the note, and because of this relationship the respondent's counsel urge that it must be alleged in the complaint and proven that the debt was incurred for the use and benefit of the wife's separate property or was contracted by her for her own use and benefit, and the trial court evidently concluded from the evidence that the note sued upon was not shown to have been executed in payment of a debt incurred for the use and benefit of her separate property, and that the debt was not contracted by her for her own use and benefit. This principle

of law was announced by this court in the case of *Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399, wherein this court said: "It was error to return a personal judgment against the wife for his community debt."

In the case of *Strode v. Miller*, 7 Ida. 16, 59 Pac. 893, this court said: "There are no allegations in the complaint that the mortgaged property, or any of it, is the separate estate of Mrs. Miller, or that said debts were created for the benefit of her separate estate. The presumption, therefore, is that said debts are debts of the husband, and that said property is community property."

In the case of *Holt v. Gridley*, 7 Ida. 416, 63 Pac. 188, this court said: "It also appears that the defendants are husband and wife, and there is nothing in the record to show that her separate property is liable for the indebtedness sued on herein. Where it is sought to make the separate property of a married woman liable for debt, it must be alleged and proved that the debt is her own, or made on behalf of her separate property. The wife is not personally liable for the debts of her husband, and neither is her separate property."

In the case of *Bank of Commerce v. Baldwin*, 12 Ida. 202, 85 Pac. 497, in discussing a similar question, the court said: "The debt sued on in this case might have been incurred for the use and benefit of the respondent or for the benefit of her separate estate, and still she might not have actually received and disbursed the money. It may, on the other hand, have been incurred entirely and solely for the use and benefit of her codefendant, Baldwin. The plaintiff, we think, introduced sufficient evidence to put the defendant to her proofs, and we shall therefore order a new trial."

Referring, now, to the complaint, we find the complaint does not in any way allege that the respondent is a married woman, or was at the time the note in controversy was executed the wife of John Adolph Johnson. From the complaint alone we cannot presume that Sarah S. Johnson was a married woman at the time the note was executed and delivered. There is no allegation which shows she was not com-

petent to make the contract upon which suit is brought. The complaint was not defective or subject to demurrer, upon failure to allege that the respondent and payee of the note were husband and wife.

Turning, now, to the answer, we find no allegation was made which in any way alleged or referred to the fact that Sarah S. Johnson and John Adolph Johnson were husband and wife. Counsel for appellant, upon the beginning of the trial before a jury, called as a witness Sarah S. Johnson for cross-examination, under the provisions of the statutes of this state. In her testimony she states that she was married to John A. Johnson pretty near three years; that in 1898 she lived at Coeur d'Alene on a ranch in the southeast half of section 34; that she always lived there; that she was the wife of John A. Johnson on the 17th day of March, 1908; that on the 17th day of March, 1908, she was not residing on the south half of section 34, but resides there now; that she acquired the title to the property on March 27, 1908; that she thinks she acquired it by contest with John A. Johnson; that Johnson did not appear at the contest; that she filed a complaint on the 28th day of April, 1909, for divorce from John A. Johnson; that she signed the complaint.

Evidence was introduced which specifically identified signatures to papers and other documents signed by Sarah S. Johnson and executed by her, and that such signatures were the same as the signature to the note sued upon in this action, and that said signatures were all made by the same party, and that the signature to the note sued upon in this action was Sarah S. Johnson's, the defendant, who signed the papers introduced, and that the signature to the papers admitted to be genuine, and the signature of Sarah S. Johnson, the respondent, on the note, are the same.

The plaintiff was called as a witness on his own behalf, and from his testimony it appears that he purchased the note sued on before its maturity, and that he has owned it and been the holder since he purchased it, and that this was about the middle of the summer of 1908; that after the maturity of the note he notified the defendant that he was the owner

and holder of the note. In response to his letters the defendant visited the plaintiff, and called upon him to produce the note, as she wanted to see the note about which he wrote, and upon such note being presented to the defendant she replied: "That note was gotten from me through fraud, and I am not going to pay it," and got up and left. Plaintiff testifies that she did not deny at that time the execution of the note. That is all the conversation he had with her.

The plaintiff also testified that when he purchased the note he had a conversation with the payee, John Adolph Johnson, and in that conversation he inquired how the respondent came to execute the note, and that Johnson replied that it was in settlement of some land deal that they had, and that in fact at the time he got the note Mr. Johnson told him that it was secured by a mortgage, but later he found it was not.

The foregoing evidence is all the material evidence which relates to the execution of the note, the consideration for the execution of the same, and the object and purpose for which the note was executed. The question is, does this evidence show that the debt for which the note sued upon was executed and delivered was the respondent's debt, and was such contract made with reference to her separate property, and was such note executed for the benefit of her separate estate? There can be no question, we think, under the statute of this state and the authorities above cited, but that a married woman has power to execute a promissory note as evidence of a debt, but where such contract is made by the wife, and it is not proven by the plaintiff that such debt was for the benefit of her separate estate, such contract is void.

It is the contention of counsel for appellant that the note itself is presumptive of a consideration, and that this presumption arises from the execution and delivery of such contract, as shown in this case, and that it is unnecessary to allege or prove otherwise, and that the burden of showing any want of consideration would be upon the person alleging it. In support of this proposition counsel cite secs. 3314 and 3481, Rev. Codes. Sec. 3314 provides:

"A written instrument is presumptive evidence of a consideration."

Sec. 3481 provides: "Every negotiable instrument is deemed *prima facie* to be executed for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value."

Under the above sections it is contended that the introduction in evidence of the note is sufficient to show that the debt was the debt of the wife, and also that the note was with reference to her separate property and estate, and that such presumption brings the liability within the rule of the statute, and that this court has approved this rule in *Bank of Commerce v. Baldwin*, 12 Ida. 202, 85 Pac. 497. In that case this court specifically held that under the act of March 9, 1903, a married woman is given the absolute control of her separate property and estate, and has the unqualified right of contract with reference to such property, and may sell and dispose of the same without the consent or approval of her husband, and that such statute has reference to the separate property of the wife and the management and control thereof, and the carrying on of business therewith, and the sale or disposal thereof and *contracts with reference thereto or for the benefit thereof.* In that case the court held that a married woman cannot bind herself personally for the payment of a debt that was not contracted for her own use or benefit or for the use or benefit of her separate estate, but that she can make such contracts where the liability was originally the wife's debt, or contract with reference to her separate property or estate.

Applying that rule to the facts of this case, if the evidence shows that the execution of the note sued upon was contracted with reference to the separate property or estate of the respondent, then the court erred. On the contrary, if the evidence does not so show, then the order of the trial court was properly sustained. The evidence set forth clearly shows that the note is for the sum of $4,000, and was executed by a married woman to her husband. The husband assigned and transferred such note to the appellant for a very small sum

of money, not specifically stated in the complaint. but the evidence shows that the husband, and likewise the appellant, considered such note not of much value. The appellant says he gave the assignor $25 at the time the assignment of the note was made, and $5 and $10 and $2.50 and $1 at other different times, and performed some legal services. When he purchased the note McFarland understood that the contract was between the wife and husband, and that Sarah S. Johnson was the wife of John Adolph Johnson, and that there was no consideration in fact passed between the wife and husband. The statement that Johnson and his wife had some contract about some land without disclosing any specific land or its value, or any other fact in connection with it other than that stated by McFarland, does not show any consideration. All the evidence, even recognizing the presumption arising out of the execution of the note, supports the finding of the trial court wherein it is held that the contract was not made for the use and benefit of the separate estate of the respondent. The judgment is affirmed. Costs awarded to respondent.

Sullivan, J., concurs.