(October 13, 1925.)

## LENA NESS, Respondent, v. JULIETTE COFFER, Appellant.

[244 Pac. 145.]

PLEADING AND PRACTICE—CONTRACTS OF MARRIED WOMEN.

1. The common-law disability of a married woman to enter into contracts still remains in this state except where it has been removed by legislative grant of power, and this disability has not been removed except where a married woman contracts for her own

use and benefit or in reference to the management and control or for the use and benefit of her separate property.

2. In order to charge the separate property of a married woman or render it liable to levy and sale for an indebtedness contracted by her, it must be alleged in the complaint and proven that the debt was incurred for her own use and benefit or in reference to the management and control or for the use and benefit of her separate property.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action to recover rent. Judgment for plaintiff. *Reversed.*

Cox & Martin, for Appellant.

There is no allegation in the pleadings that defendant is a married woman and that she incurred this obligation for her own use and benefit or for the use and benefit of her separate estate. Without such an allegation plaintiff cannot recover. (*Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *McFarland v. Johnson,* 22 Ida. 694, 127 Pac. 911; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497; 14 Ida. 75, 93 Pac. 504, 17 L. R. A., N. S., 676; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Dernham & Kaufmann v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Meier & Frank Co. v. Bruce,* 30 Ida. 732, 168 Pac. 5.)

The burden was on the plaintiff to show that the property here involved was the separate property of defendant and that the obligation was her separate obligation. (*Vaughan v. Hollingsworth,* 35 Ida. 723, 208 Pac. 838; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Hall v. Johns,* 17 Ida. 224, 105 Pac. 71.)

Publisher's Note.

1. See 13 R. C. L. 1267.

See Husband and Wife, 30 C. J., sec. 336½, p. 725, n. 50; sec. 559, p. 874, n. 26; sec. 754, p. 1006, n. 93.

Tannahill & Leeper, for Respondent.

This case is squarely within the decision of *Edminston v. Smith,* 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871.

"The rights of the married woman to contract have been greatly enlarged by our statute, and her rights to contract are prescribed by the statute and not by the rules of the common law." (*Overland Nat. Bank v. Halveston,* 33 Ida. 489, 196 Pac. 217; *Hall v. Johns,* 17 Ida. 224, 105 Pac. 71; *Boise Butcher Co. v. Anixdale,* 26 Ida. 483, 144 Pac. 337; *Booth Mercantile Co. v. Murphy,* 14 Ida. 212, 93 Pac. 777.)

"The general rule is that coverture, in order to be made available as a defense to a suit on contract, must be pleaded, at least where plaintiff's pleading does not show that defendant is a married woman, and that if defendant fails to interpose her disability as a defense, it will be taken as waived." (30 C. J., p. 1013, par. 774; *Belcer v. Polly,* 32 Ky. L. Rep. 623, 106 S. W. 818; *Union Stockyards National Bank v. Lamb,* 92 Neb. 608, 139 N. W. 216.)

WILLIAM A. LEE, C. J.—This action was commenced in the justice's court by respondent Lena Ness, as administratrix of the estate of Mathew S. Ness, deceased, against Juliette Coffer, a married woman, to recover a money judgment. The complaint, so far as material here, alleges that "The defendant is indebted to the plaintiff for rent of that certain storeroom, No. 823 Main Street, in Lewiston, Idaho, from February 1, 1923, to April 1, 1923, at the rate of $75 per month aggregating the sum of $225 which said sum the defendant promised and agreed to pay, etc." There is no allegation that appellant is a married woman or that the debt was incurred for her own use or benefit or in reference to the management and control or for the use and benefit of her separate property.

C. S., sec. 7072, provides that pleadings in justices' courts are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended, and may, except the complaint, be

oral or in writing, and if oral, an entry of their substance must be made in the docket. In the instant case the answer was a general denial entered in the docket and upon appeal to the district court the cause was tried upon these pleadings. During the trial it was shown that at the time appellant is alleged to have made this agreement, she was a married woman engaged in the practice of osteopathy, and resided with her husband at their home in Lewiston. At the close of the evidence appellant moved for an instructed verdict on the grounds: First, that the evidence did not show that a contract had been made by appellant for the payment of this rental; second, that if any agreement to pay is shown, it is an agreement to answer for the debt of another and is within the statute of frauds and has not been proven by competent evidence; third, that if any contract to pay rental is shown, it is not alleged or proven that the contract was made with reference to or for the benefit of defendant's separate estate. The court denied the motion and after instructing the jury, the cause was submitted to it. In its oral instructions, the court, among other things, in effect said that the testimony shows defendant Juliette Coffer is, and was at the time of the transaction complained of, a married woman, and being a married woman if they found that any debt was created by defendant they must also find that it was for her own use and benefit or for the use and benefit of her separate estate, that she would not be liable for any debt contracted by her husband, nor for any debt not contracted by her for the use and benefit of her separate estate. The jury returned a verdict for $225, the amount prayed for, although it is apparent that the rental from February 1, 1923, to April 1, 1923, at the rate of $75 per month could not aggregate $225.

Upon judgment being given for this amount the cause was appealed to this court. The assignments of error raise substantially the same questions presented by appellant's motion for a directed verdict. The principal one being that if it had been shown that appellant Dr. Coffer made any contract, which she denies, it is not alleged or proven that

it was made with reference to, or for her separate estate, and that at the time this contract is alleged to have been made and long prior thereto she was a married woman living with her husband.

The question thus presented by this appeal is what is necessary to be alleged and proved in order to recover against a married woman upon her contracts. If appellant had been a *feme sole* it is clear the complaint would state a cause of action against her. The answer being a general denial does not affirmatively put in issue the question of appellant being a married woman, or of the debt, if any, having been contracted for her own use and benefit or with reference to her separate estate. The court instructed the jury that at the time of contracting this indebtedness appellant was a married woman living with her husband. This fact is not controverted by respondent, who appears to rely upon the rule as stated in 30 C. J. 1013, sec. 774. This authority states that the general rule is that coverture, in order to be made available as a defense to a suit on contract, must be pleaded, at least where plaintiff's pleading does not show that defendant is a married woman, and that, if a married woman failed to interpose her disability as a defense, it will be taken as waived. Counsel for respondent also rely upon *Edminston v. Smith,* 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871; *McFarland v. Johnson,* 22 Ida. 694, 127 Pac. 911, and *Overland Nat. Bank v. Halveston,* 33 Ida. 489, 196 Pac. 217.

With regard to *Edminston v. Smith, supra,* the most that can be claimed for that case is that where necessaries are furnished the wife upon her special contract and upon her personal responsibility to pay therefor, she can be held to pay the debt and to that end may be sued as a *feme sole.* In such case the debt is incurred for her use and benefit but the primary duty rests on the husband, by reason of the marital contract and operation of law, to furnish the wife with necessaries. A creditor who furnishes such necessaries may also maintain an action against the husband although the husband did not contract the debt,

We think that neither the *McFarland v. Johnson* case nor the *Bank v. Halveston* case support respondent's position that coverture in order to be available as a defense must be pleaded and if not so pleaded may be taken as waived.

In *McFarland v. Johnson* the action was to recover upon a promissory note executed by Sarah S. Johnson to John Adolph Johnson. The complaint alleged that the note had been sold and transferred to appellant prior to the commencement of the action, for a valuable consideration. The answer merely denied the execution of the note and its sale and transfer to appellant. After citing with approval the rule as announced in *Strode v. Miller*, 7 Ida. 16, 59 Pac. 893, as to what must be alleged and proved in order to recover against a married woman on her contracts, the court quotes from *Holt v. Gridley*, 7 Ida. 416, 63 Pac. 188, the following:

"Where it is sought to make the separate property of a married woman liable for debt, it must be alleged and proved that the debt is her own, or made on behalf of her separate property."

The court, in the McFarland-Johnson case, also says:

"We find the complaint does not in any way allege that the respondent is a married woman, or was at the time the note in controversy was executed, the wife of John Adolph Johnson. From the complaint alone we cannot presume that Sarah S. Johnson was a married woman at the time the note was executed and delivered. There is no allegation which shows that she was not competent to make the contract upon which the suit was brought. The complaint was not defective or subject to demurrer, upon failure to allege that the respondent and payee of the note were husband and wife.

"Turning now to the answer, we find no allegation was made which in any way alleged or referred to the fact that Sarah S. Johnson and John Adolph Johnson were husband and wife."

At pages 700 and 701, the court further says it is the contention of appellant that the introduction in evidence of

the note was sufficient to show that the debt was the debt of the wife, that the note was with reference to her separate property and estate, and that this presumptively brings her liability within the rule of the statute as approved in *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497. To this the learned justice, *inter alia,* replies:

"In that case the court held that a married woman cannot bind herself personally for the payment of a debt that was not contracted for her own use or benefit, or for the use or benefit of her separate estate but that she can make such contracts where the liability was originally the wife's debt, or a contract with reference to her separate property or estate.

"Applying that rule to the facts of this case, if the evidence shows that the execution of the note sued upon was contracted with reference to the separate property or estate of respondent, then the court erred. On the contrary, if the evidence does not so show then the order of the trial court was properly sustained."

In the instant case, it is contended that because the complaint in the McFarland-Johnson case did not allege respondent was a married woman, or that she was competent to make the contract, and the court had said the complaint was not defective or subject to demurrer, and thereafter said, in the paragraph last above quoted, *"if the evidence shows,* etc.," without making any reference to the pleadings, that this was, in effect, holding that a complaint against a married woman is sufficient to sustain a judgment, although it does not allege that she is a married woman or that the debt was contracted for her own use or with reference to her separate estate, where the jury after being so instructed had found the indebtedness was contracted by a married woman with reference to her separate estate.

This language should be considered and interpreted in connection with what had been previously said. The court had quoted with approval the rule from *Holt v. Gridley, supra,* that "where it is sought to make the separate property of a married woman liable for debt *it must be alleged*

*and proven* that the debt is her own or made on behalf of her separate property.'' The learned justice who wrote this opinion also wrote the opinion on rehearing in *Booth Mercantile Co. v. Murphy,* 14 Ida. 212, 93 Pac. 777, wherein he used the following language:

''In the principal opinion, this court does not depart from the well-recognized rule which has been adopted in this state, that in order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint and proven on the trial that the debt was incurred for the use and benefit of her separate property, or was a contract by her for her own use and benefit.''

In view of the frequent announcement of this same holding, we do not think this language in McFarland-Johnson intended to overrule all of the preceding cases. On the contrary, we conclude the court intended to say, ''if it has been properly alleged and the evidence shows, etc.,'' the trial court would have erred. If not so intended that opinion is modified in this respect.

In *Overland Nat. Bank v. Halveston, supra,* it is said that the rights of a married woman to contract have been greatly enlarged by the Idaho statutes, and her rights to contract are prescribed by statute and not by the rules of the common law, and that persons who deal with her are bound to know of her disabilities.

Appellant contends that the court should have directed a verdict on her behalf, it not having been alleged or proven that the contract, if made, was entered into with reference to, or for her separate estate, it having been shown that at the time this contract is alleged to have been made, and long prior thereto, she was a married woman living with her husband.

[2] The court has so frequently expressed itself upon this question by decisions covering a long period of its history, that it should no longer be in doubt as to what is necessary for a plaintiff to allege and prove in order to hold a married woman upon her contracts. The following are

expressions of this court found in a number of the earlier cases.

"In order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint and proven that the debt was incurred for the use or benefit of her separate property, or was contracted by her for her own use and benefit. . . . .

"The only question before this court in this case is: Can a creditor attach the separate property of a married woman upon a several promissory note executed by her without alleging and proving that the contract was made with reference to her separate property or for her personal benefit?" (*Dernham & Kaufmann v. Rowley,* 4 Ida. 753, 44 Pac. 643.)

"The court erred in rendering judgment against Mrs. Pease, there being no allegation, followed by proof, that the debt was created for her use and benefit, or for the use and benefit of her separate estate." (*Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399.)

"There are no allegations in the complaint that the mortgaged property, or any of it, is the separate estate of Mrs. Miller, or that said debts were created for the benefit of her separate estate. The presumption, therefore, is that said debts are debts of the husband, and that said property is community property." (*Strode v. Miller,* 7 Ida. 16, 59 Pac. 893.)

"A married woman cannot bind herself personally for the payment of a debt that was not contracted for her own use or for the use or benefit of her separate estate, or in connection with the control and management thereof or in carrying on or conducting business therewith." (*Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.)

[1] *In Meier & Frank Co. v. Bruce,* 30 Ida. 732, 168 Pac. 5, it is said:

"The disability of married women to enter into contracts has not been removed in this state, except where the married woman contracts for her own use or benefit or in reference to the management and control or for the use and benefit of her separate property."

In *Clifford v. Lake*, 33 Ida. 77, 190 Pac. 714, it is held that all property acquired by either spouse during coverture is presumed to be community property, and the burden of proof rests upon the party who asserts it is separate property to show such fact by a preponderance of evidence. To the same effect is the holding in *Vaughan v. Hollingsworth*, 35 Ida. 723, 208 Pac. 838.

From the foregoing authorities it is clear that the common-law disability of a married woman to enter into contracts, to sue or be sued, has not been removed, otherwise than as stated in the exceptions, and that in order to charge the separate property of a married woman or render it liable to levy and sale for an indebtedness contracted by her, it must be alleged in the complaint and proven at the trial that the debt was incurred for her own use and benefit or in reference to the management and control or for the use and benefit of her separate property.

In an action against a married woman, to submit the question of whether the alleged debt was contracted for her own use and benefit or in reference to the management and control or for the use and benefit of her separate property, without the plaintiff being required to plead and prove such facts, would be a complete departure from the procedure as it has been uniformly held to be in this state. The result could hardly be otherwise than to remove the restriction and disabilities surrounding married women with reference to their entering into contracts, and cast upon them the burden of alleging and proving coverture as a defense. While much may be said in favor of this modification of our procedure with reference to the disabilities of married women, the change should be made by the legislature and not by the courts.

The cause is reversed and remanded, with instructions to set aside the judgment and grant appellant a new trial.

William E. Lee and Budge and Taylor, JJ., concur.

Petition for rehearing denied.

GIVENS, J., Dissenting.—The majority opinion states that the allegations of the complaint in *McFarland v. Johnson*, 22 Ida. 694, 127 Pac. 911, and the case at bar are substantially the same, then indicates that *McFarland v. Johnson*, *supra*, is not applicable herein because, there a nonsuit was granted in favor of the wife. The nonsuit was sustained, however, not because the complaint was deficient, but because there was no evidence showing the contract had been made for the benefit of the sole and separate estate of the wife. The court, so far as the allegations of the complaint are concerned, expressly ruling otherwise. The first ground in the motion for nonsuit was:

"The evidence introduced by plaintiff shows that the payee in the alleged note sued upon and the alleged maker thereof, the defendant herein, were at the time the said alleged note is alleged to have been executed husband and wife of each other respectively, while it is not *alleged*, and plaintiff has not offered to prove or offered any proof to show that said note was executed and the obligation thereof incurred for the use and benefit of her separate property or contracted by her for her own use and benefit . . . .

"Referring, now, to the complaint, we find the complaint does not in any way allege that the respondent is a married woman, or was at the time the note in controversy was executed the wife of John Adolph. Johnson. From the complaint alone we cannot presume that Sarah S. Johnson was a married woman at the time the note was executed and delivered. There is no allegation which shows she was not competent to make the contract upon which suit is brought. The complaint was not defective or subject to demurrer, upon failure to allege that the respondent and payee of the note were husband and wife. . . . . "

The court then announces and adopts the rule laid down in *Bank of Commerce v. Baldwin*, 12 Ida. 202, 85 Pac. 497, that a married woman cannot bind herself personally for the payment of a debt which was not contracted for her own use or benefit or for the use or benefit of her separate estate, but that she can make such contracts where·

the liability was originally the debt of the wife or contract with reference to her separate property, and continuing:

"Applying that rule to the facts of this case, if the *evidence* shows that the execution of the note sued upon was contracted with reference to the separate property or estate of the respondent, then the court erred. On the contrary, if the evidence does not so show, then the order of the trial court was properly sustained."

The court then reviews the evidence and sustains the action of the court in granting a nonsuit because the evidence did not show that the contract was made for the use and benefit of the separate estate of Mrs. Johnson. The cases cited in the majority opinion laying down the rule that it must be alleged and proved that the contract was made for the use and benefit of the wife or for the use and benefit of her separate estate, did not consider the kind of a complaint in the case at bar or the kind of a complaint in *McFarland v. Johnson, supra.*

In the instant case there is no question that the instructions properly told the jury, following the law as announced in the previous cases, that unless they found that the debt was contracted for the sole and separate estate of appellant, respondent could not recover. The pleadings in the first instance were in the justice court and the statute expressly provides that they are to be construed liberally. If the complaint had alleged that respondent was a married woman then it would also have been necessary to have alleged that the contract was for the benefit of her sole and separate property; since, however, the complaint did not allege that she was a married woman the rule announced in *McFarland v. Johnson, supra,* applies, and to reverse this case and send it back for further proceedings merely because the complaint did not set up an issue, which issue, however, was before the jury without objection as to the sufficiency of the pleadings in connection with the admission of the evidence, is hypertechnical in the extreme. No prejudice whatever was shown nor could prejudice be shown to the appellant, because the issue was before the jury. As stated in *McFar-*

*land v. Johnson, supra,* the complaint upon its face stated a cause of action and was not subject to demurrer. The issue of coverture and its attendant features was raised by general denial if raised at all.

The issue was fully presented to the jury upon conflicting evidence, which if uncontradicted would have supported the verdict, which the jury found against defendant's contention. No rule of pleading or practice or any proposition of substantive law would be violated by sustaining the judgment of the lower court, which should be done. I therefore dissent from the majority opinion.