(No. 5939.   May 12, 1933.)

MINNIE   BELL   ROGERS,   Respondent,   v.   NATIONAL
SURETY   COMPANY,   Appellant.

[22 Pac. (2d) 141.]

Ralph L. Albaugh and Arthur W. Holden, for Appellant.

Kenneth S. MacKenzie for Respondent.

WERNETTE, J.—Prior to the commencement of the instant case (which we will hereafter designate as the second case) the National Surety Company, appellant in the second case, commenced an action in the district court of Bonneville county (hereafter designated as the first case) against W. D. Rogers and Minnie Bell Rogers on a promissory note in the principal sum of $1,059.25, with interest, signed by both W. D. Rogers and Minnie Bell Rogers. Service of summons and complaint was had on both defendants, who made default, not appearing in the action, and judgment was thereafter entered against both defendants in the sum of $1,808.13.

It was not alleged in the complaint that Minnie Bell Rogers was the wife of W. D. Rogers, nor was there any

allegation in the complaint that the debt sued upon was for the benefit of Minnie Bell Rogers' separate estate, or contracted for her separate use and benefit. The judgment so obtained was filed in the records of Bonneville county so as to make it appear as a lien against the real property in question.

The instant or second case was instituted by respondent, Minnie Bell Rogers, to quiet title to certain described real property, against which said judgment stood as a lien, which she alleges she received by gift and is her sole and separate property; that the judgment of $1,808.13, which the said appellant obtained in said first action was obtained against her while she was the wife of W. D. Rogers, and that the complaint in the first action failed to state that the action was brought against Minnie Bell Rogers upon a debt or obligation incurred for her separate use or benefit or for the separate use and benefit of her estate; that it does not appear on the face of the record that such allegations were made or proven, and therefore the judgment obtained in the first case was null and void as against her; praying that it be adjudged and decreed that she is the owner of the real property as her sole and separate property; that the judgment obtained by the appellant, National Surety Company, in the first case is wholly null and void as against respondent and is not a lien against her separate property; that title be quieted in her, and for general equitable relief.

The National Surety Company being the only one that appealed, the allegations in the complaint regarding the other defendants named need not be considered.

The action was tried before the court without a jury. Judgment and decree was entered in favor of respondent substantially as prayed for in the complaint, from which judgment this appeal has been perfected.

■■ The appellant sets forth numerous assignments of error, the first being that the lower court erred in sustaining the motion of respondent to reopen the case and allow her to file a second amended complaint, and offer additional testimony. Said error was not urged on this appeal so need

not be considered. All of the other assignments may be considered together as they all relate to but one proposition, that is, that the court erred in holding that the judgment against respondent in the first case, amounting to $1,808.13, was null and void and not a lien against respondent's property, and in quieting title to the real property in respondent as against said judgment. It is conceded .by both parties that the instant action is a collateral attack against the judgment rendered against Minnie Bell Rogers in the sum of $1,808.13, appellant contending, that being so, that proof *aliunde* the judgment-roll was inadmissible to show that the judgment in the first case against respondent and her husband was based upon a contract for her own use and benefit, or for the use and benefit of her separate estate. In examining the judgment-roll of the first case, which was placed in evidence in the second case, we find that nowhere is it alleged or disclosed therein that Minnie Bell Rogers, at the time the debt was contracted or at the time of the trial, was the wife of W. D. Rogers, nor is it alleged or disclosed therein that the debt sued on was incurred for the use and benefit of respondent's separate property, or contracted for her own separate use and benefit. Where the complaint does not allege the coverture of the defendant, it will not be presumed. (*McFarland v. Johnson*, 22 Ida. 694, 127 Pac. 911.) During the trial of the second case, however, the appellant permitted respondent, without objection, to introduce evidence showing conclusively that Minnie Bell Rogers, respondent, and W. D. Rogers were husband and wife at the time the debt sued upon in the first case was contracted, and ever since have continued the marital relation. Appellant also permitted respondent, without objection, to introduce evidence that the real property in question was deeded to her as a gift, and ample evidence was introduced showing conclusively that the real property, at the time of the trial of the second case, was her sole and separate property. Respondent further introduced evidence showing that the debt, on which the judgment in the first case was based, was not incurred for the use and benefit of

her separate property, or contracted for her own use and benefit. This evidence, however, was admitted over the objection of appellant.

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect to its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding, . . . . on the other hand, a judgment which is absolutely void is entitled to no authority or respect, and therefore may be impeached in collateral proceedings by anyone with whose rights or interests it conflicts." (34 C. J. 511–514, citing many authorities supporting the text.) To the same effect, see *Weil v. Defenbach*, 36 Ida. 37, 208 Pac. 1025. On collateral attack the invalidity of the judgment must ordinarily appear on the face of the judgment-roll. (*Weil v. Defenbach, supra; Welch v. Morris*, 49 Ida. 781, 291 Pac. 1048.) In the last-named case the court used the following language:

"We say 'ordinarily' because there appears to be a well-recognized exception to the effect that where the parties admit facts which show that a judgment in a former suit is void, or if such facts are established without objection, then the case is similar to one wherein the judgment is void upon its face and is subject to attack. (*Akley v. Bassett*, 189 Cal. 625, 209 Pac. 576, at 581.)''

Appellant permitted, without objection, the admission in evidence of the fact of coverture, and that the property was the sole and separate property of respondent.

"The statutes of this state with reference to the right of married women to contract must be construed as grants of power rather than restrictions of power. Such common-law disabilities in this respect as have not been removed by statutory enactment are limitations upon the right of married women to bind their separate estates, and such contracts as married women are authorized to enter into are limited to contracts for their own use and benefit or for the

use and benefit of their own separate estates." (*Pacific Acceptance Corp. v. Myers*, 49 Ida. 585, 290 Pac. 404.)

This court has repeatedly held that in an action brought against a married woman, on a contract made by her, where the plaintiff does not allege and prove that the debt was for the benefit of her separate estate or for her own use and benefit, the judgment is void. (*Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399; *McFarland v. Johnson, supra; Miller v. Prout*, 33 Ida. 709, 197 Pac. 1023; *Jensen v. Gooch*, 36 Ida. 457, 211 Pac. 551; *Howell v. Martin*, 36 Ida. 468, 211 Pac. 528; and see 1 Black on Judgments, 2d ed., sec. 183, p. 268. For a discussion of the Idaho cases herein cited, see 1 Idaho Law Journal, 152–155.)

In order to charge the separate property of the wife, or to render it liable for levy and sale, it must be alleged in the complaint, and proven, that the debt was incurred for the use and benefit of her separate property, or was contracted by her for her own use and benefit. (*Dernham & Kaufmann v. Rowley*, 4 Ida. 753, 44 Pac. 643; *Holt v. Gridley*, 7 Ida. 416, 63 Pac. 188; *Ness v. Coffer*, 42 Ida. 78, 244 Pac. 145; *Pacific Acceptance Corp. v. Myers, supra.*)

Where there are no allegations in the complaint that the debt was contracted for the wife's separate estate, the presumption is that the debt is that of the husband and not the separate debt of the wife. (*Strode v. Miller*, 7 Ida. 16, 59 Pac. 893; *Ness v. Coffer, supra.*)

It is earnestly contended by the appellant that all presumptions are in favor of the judgment in the first case, and that it is good and valid. This contention is met by the fact that it cannot be presumed that facts not alleged in a complaint, essential to a cause of action, were proved. (*Reed v. McCutcheon & Church*, (Tex. Civ. App.) 217 S. W. 174; *Bush v. Bastian*, 112 Cal. App. 644, 297 Pac. 976; 3 Freeman on Judgments, 5th ed., sec. 1298, p. 2693, and cases therein cited.)

The appellant having permitted respondent, without objection, to prove coverture by evidence in the instant case, and also that the property in question was her sole and sepa-

rate property, then under *Pacific Acceptance Corp. v. Myers, supra, Ness v. Coffer, supra, Welch v. Morris, supra,* and *Williams v. Sherman,* 36 Ida. 494, 212 Pac. 971, it was necessary for appellant to allege and prove that the debt sued on in the first case was incurred for the use and benefit of respondent's separate property or was contracted by her for her own use and benefit. That not having been done, the judgment in the first case was void as against respondent and subject to collateral or direct attack by her. And when such facts, necessary to support a valid judgment, have not been alleged or proven, as we hold has not been done, such judgment as against the respondent is void.

The lower court did not err in holding the judgment void and quieting title in respondent.

The judgment is affirmed with costs to respondent.

Budge, C. J., Givens and Morgan, JJ., and Babcock, District Judge, concur.