### SUNFIELD v. BROWN et al.

No. 23140.   Dec. 11, 1934.

Rehearing Denied March 12, 1935.

Petition for Rehearing and Amended Petition for Rehearing Denied
April 9, 1935.

H. A. Johnson, for plaintiff in error.

Cress & Tebbe, for defendants in error.

PER CURIAM. This action is brought by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, on a breach of warranty. The parties will be referred to as they appear below.

In April, 1923, the defendants, together with Melvin O'Rourke and Irene O'Rourke, his wife, in consideration of the sum of $200, executed and delivered to the plaintiff a royalty deed covering an undivided interest in the oil, gas and mineral rights in and under the following described property, to wit: The east ½ of the southwest ¼ of section 27, township 24 north, range 1 west, Noble county, Okla.

The grantors never owned any interest in the above-described land, but did own an interest in the west half of the southwest quarter section 27, township 24 north, range 1 west, in said county. The fact that the plaintiff never received any title to the land first above described was not discovered by the plaintiff until the year 1929, at which time, or about which time, he made a settlement with Melvin O'Rourke and wife for the sum of $100, which settlement was reduced to writing, and specifically provided that it should not prejudice plaintiff's rights for damages against the defendants in this action. The execution of the royalty deed was perhaps a mistake in the description of the property, but that issue, apparently, was not presented to the trial court, and is not directly presented here.

The plaintiff brings this action for $100 as the defendant's part of the damage for the breach of warranty contained in the royalty deed above mentioned, together with 10 per cent. interest and attorney fees. We believe the record supports the plaintiff's contention that he never obtained any title to the land covered by the royalty deed from these defendants. Rosina Brown testified that her husband, Elmer A. Brown, owned property in the locality, but that she did not even know the location or description of the same, and that she executed the deed merely as the wife of Elmer A. Brown and never received any of the consideration. On cross-examination, she testified that all of the land which they owned was considered as belonging to both of them.

After the execution of this royalty deed in 1923, Rosina Brown and Elmer A. Brown were divorced, and after the divorce was

granted Rosina Brown purchased the property last above described from her former husband, Elmer A. Brown, paying him $700 therefor, and in this action the plaintiff has attached this property as the property of Rosina Brown, notice being secured upon both Elmer A. Brown and Rosina Brown by publication, Rosina Brown being the only one to appear.

The trial court found the issues in favor of the defendant Rosina Brown, and entered judgment accordingly, and found that no service was had upon Elmer A. Brown, except by publication, and therefore dismissed the case as to him.

Several propositions are presented, both by the plaintiff and the defendant, and argued in their briefs, but, under the view which we take of the case, the only question necessary to be decided is as follows:

Is a wife liable for breach of warranty where she joins her husband in executing a conveyance to real estate owned by her husband and not being a homestead and she receiving no part of the consideration other than what might incidentally accrue to her by reason of being the wife of the owner of the property?

As above stated, judgment in this case was generally in favor of the defendant Rosina Brown, and no findings of fact appear in the record, but, from an examination of the entire record, we think there is sufficient evidence to justify the lower court in finding that the property sought to be conveyed by the royalty deed containing the warranty was not a homestead and belonged to the husband, and the wife received no part of the consideration other than what might incidentally accrue to her as the wife of the owner of the land, and, further, that she executed the deed to eliminate any question of homestead under the laws of Oklahoma. We are convinced that the deed would have transferred good title had the same never been signed by Rosina Brown if it had covered land actually held by Elmer A. Brown.

We are of the opinion that, under the conditions as hereinabove set out, Rosina Brown was not liable for a breach of warranty contained in the deed. No authorities in Oklahoma have been called to our attention, and we know of none. However, our attention is called to the case of Agar v. Streeter, 183 Mich. 600, L. R. A. 1915D, p. 196, Ann. Cases 1916E, 518, the second paragraph of the syllabus of that case being as follows:

"Usually when a wife joins in the deed of her husband of his property, the covenants in the deed being in form the joint covenants of both of them, the covenants are not hers, but are his only; but if it appears that the sole consideration for the deed was received by her and was by her husband so intended, the covenants will be treated as the joint covenants of husband and wife."

The facts in that case are not identical with the case at bar, but the reasoning, we think, clearly supports the conclusion which we have reached.

In the case of Humbird Lumber Co. v. Doran, 135 P. 66, the Supreme Court of Idaho, under facts almost identical with the facts presented here, held that a wife was not liable for breach of warranty. The second syllabus paragraph of that case reads as follows:

"Where a wife joins her husband in a warranty deed conveying his separate property and for the conveyance of which the husband receives the consideration, the wife is not liable in an action for breach of the covenant of warranty, for the reason that such contract and covenant of warranty is not made with reference to the wife's separate property or for her own use or benefit."

In the body of the opinion it is stated as follows, to wit:

"The proof also shows that the consideration ($5,000) paid by appellant for this tract of land was paid in full to the husband, Joseph Doran. It being established that this land was the separate property of the husband and that the wife had no interest therein, and that she received no part of the purchase price, she would not be liable for any breach of covenant of title contained in the deed and could not be held thereunder for the failure of title. Hall v. Johns, 17 Idaho, 224, 105 P. 71; Edminston v. Smith, 13 Idaho, 645, 92 P. 842, 14 L. R. A. (N. S.) 871, 121 Am. St. Rep. 294; Bank v. Baldwin, 12 Idaho, 202, 85 P. 497; Holt v. Gridley, 7 Idaho, 416, 63 P. 188; Strode v. Miller, 7 Idaho, 16, 59 P. 893; Jaeckel v. Pease, 6 Idaho, 131, 53 P. 399; Dernham v. Rowley, 4 Idaho, 753, 44 P. 643; McFarland v. Johnson, 22 Idaho, 694, 127 P. 911."

Also, in 15 Corpus Juris, page 1223, par. 22, it is stated as follows:

"Hence, where an obligation is created by two or more, the general presumption is that it is joint, and words of severance are necessary to overcome this primary presumption; but this rule does not apply to covenants joint in form made by husband and wife in conveyance of the husband's property, unless it appears that the sole

consideration for the deed was received by her and was by her husband so intended."

In the case of Warner v. Flack, 116 N. E. 197, the Supreme Court of the state of Illinois, under facts somewhat similar, although not identical, in the sixth syllabus paragraph of the case, said:

"A wife who joins in a deed of her husband's property is not liable on covenants contained therein, where her only rights are the possibility of becoming entitled to dower, and of inheriting personal property from her husband."

The holdings as set out in the cases hereinabove referred to do not seem to represent the unanimous opinion of all courts. Some respectable authorities differ from the conclusions in the cases we have cited as well as the conclusions which we have reached, but we believe, under the Constitution and laws of the state of Oklahoma, that we are supported by the weight of authority, and our holding herein appears to be supported by reason and justice.

Owing to our conclusion on the proposition as above set out, it becomes unnecessary to pass upon any of the other propositions presented in the petition in error or the briefs.

The judgment of the trial court should be, and is hereby, affirmed.

The Supreme Court acknowledges the aid of Attorneys Earl Foster, C. D. Bennett, and E. E. Blake in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Foster and approved by Mr. Bennett and Mr. Blake, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.